UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § | |
| v. | § § | Criminal No. 24-CR-00298 |
| EITHAN HAIM | § § | |

**Motion for Bill of Particulars**

Defendant, Dr. Eithan Haim, respectfully moves this Court to exercise its discretionary power under Fed. Rule Crim. P. 7(f) of the Federal Rules of Criminal Procedure for an Order directing the United States of America to file a Bill of Particulars as to the following matters embraced within the Indictment:

1. With respect to Count One of the Indictment, the manner and means by which and the specific dates, within the broadly alleged time frame of "September 2022 to on or about February 2024[,]" on which defendant is alleged to have obtained individually identifiable health information without authorization for each patient described in the Indictment, to include patients L.M., A.C., A.S., and G.M.;

2. With respect to Counts Two through Four of the Indictment, the manner and means by which and specific dates, within the broadly alleged time frame of "April 24, 2023 through May 14, 2023[,]" on which defendant is alleged to have obtained individually identifiable health information without authorization for each patient described in the Indictment, to include patient M.S. (Count Two); patient K.B. (Count Three); and patient G.H. (Count Four);

3. With respect to Counts Two through Four of the Indictment, the manner and means by which the defendant's unauthorized obtaining of individually identifiable health information was with intent to cause malicious harm to TCH's physicians and patients;

4. With respect to Counts Two through Four of the Indictment, the manner and means by which the defendant's unauthorized disclosure of individually identifiable health information was with intent to cause malicious harm to TCH's physicians and patients;

5. With respect to paragraph 16 of the Indictment, "the concerns" that the defendant allegedly "did not attempt to report or report . . . to supervisors at BAYLOR or TCH";

6. With respect to paragraph 16 of the Indictment, "the concerns" that the defendant allegedly "did not report . . . to the anonymous hotline provided by BAYLOR or to CPS";

7. With respect to paragraph 17 of the Indictment, the manner and means by which the defendant "caused malicious harm to TCH, pediatric patients at TCH[,] and its physicians by contacting a media contact, PERSON1."

8. With respect to paragraph 19 of the Indictment, the defendant's "personal agenda" that he is alleged to have been promoted;

9. With respect to paragraph 19 of the Indictment, how the defendant "grossly mischarachterize[d]" TCH's medical procedures; and

10. With respect to paragraph 19 of the Indictment, what "medical procedures" were "grossly mischaracterize[d]".

## Argument

The purpose of a bill of particulars is to inform the defendant of the charges against him with sufficient precision to allow him to prepare his defense and avoid surprise at trial and to

enable the defendant to plead double jeopardy in some further prosecution. *United States v. Gorel*, 622 F.2d 100, 104 (5th Cir. 1979); *United States v. Cantu*, 557 F.2d 1173, 1178 (5th Cir. 1977); *United States v. Davis*, 582 F.2d 947, 951 (5th Cir. 1978). The trial court is afforded broad discretion in deciding on a motion for bill of particulars. *Id.* However, courts in the Fifth Circuit have ruled that "[t]he function of a bill of particulars is to define more specifically the offense charged," *United States v. Patterson*, 245 F. Supp. 233 (E.D. La. 1964), and to "cure omissions of details," *United States v. Haas*, 583 F.2d 216, 221 (5th Cir. 1978) (quoting *Norris v. United States*, 152 F.2d 808, 811 (5th Cir. 1946)).

While the government is not required to reveal its theory of prosecution or to preview its case, an accused person must be afforded the opportunity to develop and be sufficiently apprised of the charges against him. *United States v. Mannino*, 480 F. Supp. 1182, 1185 (S.D.N.Y. 1979), *United States v. Leonelli*, 428 F. Supp. 880, 882 (S.D.N.Y. 1977).

WHEREFORE, the defendant respectfully asks this Honorable Court to exercise its discretionary power pursuant to Federal Rule of Criminal Procedure 7(f) and to grant the Motion for Bill of Particulars and to further direct the Government that, as to any items in this motion which the Government states in its Bill of Particulars that its knowledge or information is incomplete, it shall furnish further particulars upon obtaining further knowledge or information prior to trial, and that the defendant shall have such further and other relief as this Honorable Court may deem just and proper.

Dated: August 21, 2024

*[signature]*

Respectfully submitted,

Marcella C. Burke
TX State Bar 24080734
SDTX No. 1692341
Burke Law Group, PLLC
1000 Main St., Suite 2300
Houston, TX 77002
Tel: 832.987.2214
Fax: 832.793.0045
marcella@burkegroup.law

Jeffrey A. Hall
VA State Bar 82175
SDTX No. 3885025
Burke Law Group, PLLC
2001 L. Street N.W., Suite 500
Washington, D.C. 20036
Tel: 832.968.7564
Fax: 832.793.0045
jeff@burkegroup.law

Ryan Patrick
Attorney-in-Charge
TX State Bar 24049274
SDTX No. 3006419
Haynes and Boone LLP
1221 McKinney Street, Suite 4000
Houston, Texas 77010
Tel: 713.547.2000
Fax: 713.547.2600
ryan.patrick@haynesboone.com

Mark D. Lytle
DC State Bar 1764392
SDTX No. 3884197
Nixon Peabody LLP
799 9th Street NW, Suite 500
Washington, D.C. 20001
Tel: 202.585.8435
Fax: 202.585.8080
mlytle@nixonpeabody.com

**ATTORNEYS FOR DEFENDANT EITHAN DAVID HAIM**

**CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that a true and correct copy of the above and foregoing document has been filed and served on August 21, 2024, using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ Ryan Patrick
Ryan Patrick