UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| V. | § § | Criminal No. 24-CR-00298 |
| EITHAN HAIM | § § | |

**DEFENDANT'S OPPOSED MOTION FOR CONTINUANCE
AND TO DESIGNATE CASE AS COMPLEX**

The defendant, Dr. Eithan Haim, hereby respectfully moves for a continuance of the trial setting.

## FACTS

1. On May 29, 2024, a Grand Jury sitting in the Southern District of Texas, Houston Division returned a four-count indictment against defendant Dr. Eithan Haim, charging him with knowingly and without authorization obtaining individually identifiable health information either under false pretenses (Count 1) or with the intent to cause malicious harm (Counts 2–4). Dkt. 1.

2. Dr. Haim's initial appearance occurred on June 17, 2024, at which time he was released on a $10,000 unsecured bond. Dkt. 11.

3. This Court originally entered an order setting the case for trial on August 20, 2024. Dkt. 10. The government submitted a Joint Motion for

**Defendant's Opposed Motion for Continuance—Page 1 of 9**

Continuance of Jury Trial, requesting that trial be continued until October 2024. Dkt. 17. The Court granted the request and set trial for October 21, 2024. Dkt. 18.

4. However, many factors warrant continuing the trial beyond the October 21, 2024 trial setting.

5. First, the government's discovery is voluminous. To date, the government has already produced over 15,000 documents, containing more than 100,000 pages of information. The documents include dense medical records and lengthy spreadsheets of technical information. For instance, the government has produced multiple exports of audit trails from an electronic medical record system. A single record includes as many as 37,000 entries, most or all of which are relevant to this case. The discovery provided by the government also contains many audio and video files. We understand from the government that it has further discovery to produce. While counsel for Dr. Haim have reviewed much of the material, its volume and scope require significant additional dedicated time and attention.

6. Further, despite the large volume of discovery, the documents produced therein suggest that there are large volumes of additional, relevant documents not contained in that discovery. We have also requested from the government additional documents and files that we know are in the government's possession, custody, or control.

7. Dr. Haim's representatives have also contacted multiple witnesses not identified by the governmet who are in possession of important information that is relevant to Dr. Haim's defense. Despite the diligence of defense counsel, counsel has encountered challenges in interviewing potential witnesses. Many are physicians with demanding schedules, are no longer in the Houston area, and/or have taken vacation during the summer. Accordingly, their availability has been limited, and while counsel for Dr. Haim have been working diligently on this particular matter, counsel require additional time to secure interviews in advance of determining and designating witnesses for trial.

8. All these hurdles point to the more general truth that this case is complex. Factually, this case centers around the complicated procedures, practices, scheduling, and staffing of a children's hospital, its connected pavilion for pregnant women, other Texas Medical Center facilities, and a residency program simultaneously serving many of those facilities. The issues require understanding residency rotations, medical "services," the responsibilities of residents, and the coordination of their schedules and patient coverage, both in formal programmatic terms and how they were actually practiced at Texas Children's Hospital and other facilities in the Texas Medical Center over the course of several years. Separate from those issues, the case also concerns the formal and actual practices and procedures involving a highly regulated and technical electronic medical records

**Defendant's Opposed Motion for Continuance—Page 3 of 9**

system, including how it is designed to be used as opposed to how it is used in real-world practice.

9. The case also has substantial legal complexities. Dr. Haim faces charges under HIPAA based on parallel theories of committing the base crime, 42 U.S.C. § 1320d–6(a), as well as under two of the three penalty enhancements, *id.* § 1320d–6(b)(2), (3). One theory for the base crime for all counts relies on Dr. Haim's having violated the HIPAA regulations—the "Privacy Rule" as promulgated in pieces by the Department of Health and Human Services. That "rule" is a collection of provisions in multiple subparts of the Code of Federal Regulations. *See* 45 C.F.R. § 160.101 *et seq.*; *id.* § 164.500 *et seq.* The mere text of the regulatory provisions fills many pages. Yet there have been few HIPAA cases tried to a jury anywhere in the United States, and almost none under the government's various current theories. Counsel anticipates that significant briefing will need to occur regarding these legal issues in advance of trial.

10. Additionally, as the Court has already been made aware, Dr. Haim also submits that his wife is due to give birth to their first child on October 8, 2024, a mere 13 days before the trial is set to begin. Both he and his wife will be attending to their new baby's needs immediately after birth, which will make immediate trial preparation difficult. Mrs. Haim will attend trial, and the presence of a newborn in

**Defendant's Opposed Motion for Continuance—Page 4 of 9**

the courtroom will present unavoidable distractions that could be substantially lessened by a later trial date.

11. Counsel for Dr. Haim submit an addendum *ex parte* and under seal further explaining their diligence in preparing for trial, which includes information relating to Dr. Haim's pretrial and trial strategy.

## ARGUMENT

Dr. Haim seeks a continuance of the trial setting to ensure that he receives a fair trial and that justice is served. This request comports with the Speedy Trial Act, which provides that a court may grant a continuance where it finds "that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).

In granting such an "ends of justice" continuance, the "court must consider at least one of the factors specified by the Act." *United States v. Ortega-Mena*, 949 F.2d 156, 159 (5th Cir. 1991). The factors applicable to this case include:

(i) Whether the failure to grant such a continuance in the proceeding would . . . result in a miscarriage of justice.

(ii) Whether the case is so unusual or complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of facts or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or the trial itself within the time limits established by [the Speedy Trial Act]. . . .

(iv) Whether the failure to grant such continuance in a case which, taken as a whole, is not so unusual or complex as to fall within clause (ii), would deny . . . counsel for the defendant or the

> attorney for the government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. § 3161(h)(7)(B)(i), (ii), and (iv).

In this case, counsel for the defense seeks a designation of the case as "unusual and complex." As indicated, this case involves voluminous and ongoing discovery and trial preparation. What has been provided to the defense so far indicates that there is much additional critical evidence and testimony. Despite due diligence in obtaining this information, additional time is necessary to ensure that counsel for Dr. Haim is reasonably prepared for pretrial practice and can provide effective assistance of counsel at trial.

This case also qualifies as unusual and complex because there are novel questions of facts and law. Peeling apart the intricacies of hospital operations and of the hospital's electronic medical records system are extraordinary tasks that take substantial time and effort. The government has had more than a year to investigate and come to their own understanding of these issues. (Nearly a year passed from the government's presenting Dr. Haim a target letter to his indictment.) Many of the legal questions that the case presents have never been answered, and locating applicable precedent has proven difficult.

Therefore, it is fitting for this case to be designated as complex case for which the ends of justice would require a continuance and tolling of the Speedy Trial Act.

**Defendant's Opposed Motion for Continuance—Page 6 of 9**

As the Fifth Circuit has recognized, a complex case designation based on the volume of discovery and complexity of the case is consistent with the relevant provisions of the Speedy Trial Act, and it has cited other circuits that have similarly upheld continuances in white-collar criminal cases based on complexity. *United States v. Bieganowski*, 313 F.3d 264, 282 & n.15 (5th Cir. 2002), *citing United States v. Dota*, 33 F.3d. 1179, 1183 (9th Cir. 1993) (finding that "[a]n ends-of-justice continuance may be justified on grounds that one side needs more time to prepare for trial"); *United States v. Wellington*, 754 F.2d 1457, 1467 (9th Cir. 1985) (finding the complexity of a mail fraud prosecution as a proper ground for the granting of a continuance); *and United States v. Thomas*, 774 F.2d 807, 811 (7th Cir. 1985) (upholding an ends-of-justice continuance based on the complexity of a fraud case with thousands of financial documents).

Alternatively, even if this case is not formally "unusual or complex," the volume of discovery and complicated issues still require granting further time for pretrial preparation by Dr. Haim despite due diligence of the defense. Additionally, were Dr. Haim denied the ability to engage in additional pretrial preparation, it would result in a miscarriage of justice because he would be denied the opportunity to obtain and present critical evidence in his defense. Finally, Dr. Haim is willing to waive the requirements of the Speedy Trial Act regardless of the determinations necessary for extending the trial past the 70 days imposed by the statute.

**Defendant's Opposed Motion for Continuance—Page 7 of 9**

## CONCLUSION

Dr. Haim respectfully requests that the Court certify this case as complex and continue the October 21, 2024 trial date for at least 90 days.

Counsel for Dr. Haim has conferred with counsel for the government. The government opposes the relief requested herein.

Dated: September 6, 2024              Respectfully submitted,

                                      /s/

| | |
|---|---|
| Marcella C. Burke | Ryan Patrick |
| TX State Bar 24080734 | Attorney-in-Charge |
| SDTX No. 1692341 | TX State Bar 24049274 |
| Burke Law Group, PLLC | SDTX No. 3006419 |
| 1000 Main St., Suite 2300 | Haynes and Boone LLP |
| Houston, TX 77002 | 1221 McKinney Street, Suite 4000 |
| Tel: 832.987.2214 | Houston, Texas 77010 |
| Fax: 832.793.0045 | Tel: 713.547.2000 |
| marcella@burkegroup.law | Fax: 713.547.2600 |
| | ryan.patrick@haynesboone.com |
| Jeffrey A. Hall | Mark D. Lytle |
| VA State Bar 82175 | DC Bar 1765392 |
| SDTX No. 3885025 | SDTX No. 3884197 |
| Burke Law Group, PLLC | Nixon Peabody LLP |
| 2001 L. Street N.W., Suite 500 | 799 9th Street NW, Suite 500 |
| Washington, D.C. 20036 | Washington, D.C. 20001 |
| Tel: 832.968.7564 | Tel: 202.585.8435 |
| Fax: 832.793.0045 | Fax: 202.585.8080 |
| jeff@burkegroup.law | mlytle@nixonpeabody.com |

**ATTORNEYS FOR DEFENDANT EITHAN DAVID HAIM**

**Defendant's Opposed Motion for Continuance—Page 8 of 9**

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that a true and correct copy of the above and foregoing document has been filed and served on September 6, 2024 using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ *Marcella C. Burke*
Marcella C. Burke

## CERTIFICATE OF CONFERENCE

I hereby certify that on September 5, 2024, I conferred via email with counsel for the government Tina Ansari who confirmed that the relief requested herein was opposed.

/s/ *Ryan Patrick*
Ryan Patrick

**Defendant's Opposed Motion for Continuance—Page 9 of 9**