UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| | § | Criminal No. 24-CR-00298 |
| V. | § § | |
| | § | |
| EITHAN HAIM | § § | |

### DEFENDANT'S RENEWED MOTION FOR CONTINUANCE

The defendant, Dr. Eithan Haim, by and through undersigned counsel, hereby respectfully renews his motion for a continuance of the trial setting which is currently scheduled to begin on October 21, 2024.

I.  The government's recent *Brady* disclosure

After the close of business this past Friday, September 13, 2024, the government disclosed new information to the defense that upends the case and vitiates the central theory of the prosecution. *See* Letter from Jessica Feinstein, AUSA, to Mark Lytle and Ryan Patrick (September 13, 2024) (Ex. A) ("Letter"). In the Letter, the government revealed that it has recently obtained information from Texas Children's Hospital ("TCH") which directly contradicts many significant allegations set forth in the indictment. According to the Letter, TCH revealed to the government on September 12 and 13, 2024 that its electronic medical record system reflects the following facts:

- On January 30, 2021, Haim entered progress notes for two adult patients.
- On April 19, 2021, Haim entered a progress note for a pediatric patient.
- On May 2, 2021, Haim entered a progress note for a pediatric patient.
- On May 3, 2021, Haim entered an operative note for a pediatric patient.
- On November 1, 2021, Haim entered an operative note for a pediatric patient.
- On November 13, 2021, Haim contributed to an operative note for a pediatric patient.
- On December 9, 2021, Haim is listed as a surgeon for a pediatric patient.
- On December 22, 2021, Haim is listed as a surgeon for a pediatric patient and accessed related patient records on December 22, 2021 and December 23, 2021.
- On April 14, 2023, Haim is listed as a resident on an operative note for an adult patient.

The existence of these records, which TCH has not yet produced, necessarily contradicts the government's core theory to date, which has been that Dr. Haim had no reason whatsoever to access nor even contemplate having access to TCH's records after finishing a surgical rotation at TCH in January 2021. Specifically: (Par. 9) after Dr. Haim completed his rotation at TCH in January 2021, he "did not return to TCH for any additional pediatric rotations or medical care"; (Par. 11) in April 2023, Dr. Haim sought re-activation of his TCH log-in to access "to pediatric patients not under his care" but emailed TCH "claiming urgency for adult care services . . ."; (Par. 12) Dr. Haim "did not treat or access any adult care patients during this time period at TCH"; and (Par. 15) that Dr. Haim claimed "under the false pretenses that he needed to urgently attend to adult care services."

The government has now effectively ackwnowledged that each of these allegations is incorrect by admitting that the numerous instances of care Dr. Haim provided to TCH's patients "occurred after Haim's residency rotation at TCH." *See* Letter. At this point, the government has acknowledged that Dr. Haim had a legitimate reason to access TCH patient records because he had a legitimate reason to be there—the treatment of pediatric and adult patients long past his last formal rotation at TCH.

The entire premise of the government's case has been that Dr. Haim was an interloper, falsely claiming responsibility for TCH patients to hide some nefarious and malicious reason for accessing TCH records. This rested on the foundational premise that Dr. Haim treated no patients at TCH after January 2021. But the government's Friday the 13th disclosure has now blown apart this entire premise. As a result, Count 1 of the indictment (false pretenses) must be dismissed and the legitimacy of the rest of the indictment is now in question. Nearly everything the government has alleged is now proven wrong.

II.  <u>The government has yet much work to do and materials to produce to satisfy its *Brady* and *Giglio* obligations</u>

In its Response to the Defendant's first Motion for Continuance, the government doubled down on comments made to defense counsel by assuring the Court that "[t]he Government has already produced the vast majority of discovery

in the case . . . ." Dkt. No. 35, ¶ 6. But that is clearly incorrect, a vast understatement, based on its Letter. And the government's representations raise additional concerns.

The government claims that it has "requested records related to the[] instances" specifically identified in the Letter, which it "will produce to the defense once they are provided." In correspondence with defense counsel of Sunday night, September 15, 2024, the government stated,

> We have requested that TCH produce to the Government, as soon as possible, all records pertaining to Eithan Haim after the end of his residency rotation in December 2021, including but not limited to EPIC records and badge swipes at TCH facilities. We understand that TCH expects to produce these records to the Government this week. We will provide the records to the defense as soon as we have them.

Email from Jessica Feinstein, AUSA, to Ryan Patrick (Sept. 15, 2024) (Ex. B) ("Email").

Thus, the government is aware of key *Brady* and *Gilgio* material, and it will remain outstanding until TCH and then the government produces these records to Dr. Haim. At the same time, these representations also fall short. First, Dr. Haim finished his last TCH residency rotation at TCH in *January* 2021, so the government is inexplicably proposing to omit an entire year of relevant information. Second, even though it apparently is seeking "all records pertaining to Eithan Haim," the mention of only EPIC records and badge swipes suggests that this effort is unlikely to be comrehensive. Indeed, even if TCH searches all EPIC records, it must also search the right fields. As the Letter demonstrates, references to Dr. Haim can

appear not only in material he entered, but also in notes that others entered. The data search, therefore, must include all references to Dr. Haim within any note—includes many types of notes like progress, history and physical, consult, and operative notes—and even within notes must be through all sections, such as the assessment and plan and assistant surgeon sections. And outside of EPIC notes, the government and TCH should be seeking *all* instances that Dr. Haim was involved in any way with TCH patient care during the broad time frame of the indictment and *all* times after the date referenced in the indictment as the last time Dr. Haim rotated through TCH. The government has already made the mistake once of not conducting a thorough search or simply relying on the efforts of TCH and risks again missing material information that could prove Dr. Haim's innocence and challenge the basic soundness of the indictment.

Additionally, the government's communications with TCH are themselves potential *Brady* and *Giglio* material. What TCH is saying to the government about the information it shared is also critical for understanding its import. The government should produce a summary of the communications it had with TCH to learn of this information, including the names of the TCH personnel involved (especially given that this may undermine their apparent testimony) and the content of those communications through production. Even once the government finishes producing the additional records it obtains after a thorough search, it must still

produce the voluminous exculpatory and additional material for the defense to review. So far, the government has only stated in its Email that unnamed participants had a meeting on September 12, 2024 and a call the next day with unnamed outside counsel for TCH.

Moreover, it ought to be clear by now that a search of TCH's electronic medical records system will be insufficient to locate all relevant evidence that Dr. Haim was involved in TCH patient care. Now that it is established that he was physically present for care and even surgeries during the relevant time period, it is obvious that he likely had a substantially larger involvement in patient care at the direction and consent of TCH. Physicians out of of necessity communicate and review information before and after procedures, and if they treat one patient of a particular type, they are often called on to consult on similar patients. Before continuing the prosecution, the government ought to consider and search for all of this other potential evidence which is likely exculpatory to Dr. Haim. Dr. Haim is entitled to this information so that he can present his defense at trial.

More generally, the government has other open items it must address regarding its *Brady* and *Giglio* obligations. Dr. Haim made numerous requests under Rule 16 to the government, *see* Letter from Ryan Patrick to Tina Ansari, AUSA (Sept. 5, 2024) (Ex. C). The government only responded in the Sunday night Email that it "anticipate[s] responding" "within the next day or two."

## **CONCLUSION**

This is not a simple two-day trial with just 10 witnesses as the government has previously told the Court.[1]  Dr. Haim has been denied crucial exculpatory evidence necessary for the preparation of his defense.  Dr. Haim respectfully requests that the Court continue the October 21, 2024 trial date for at least 90 days and order the government to seek out all *Brady* and *Giglio* evidence.

Counsel for Dr. Haim has conferred by email with counsel for the government. The government opposes the relief requested herein.

---

[1] *See* Government's Response to Defendant's Motion for Continuance of Jury Trial, Dkt. No. 35, ¶7.

Dated: September 16, 2024                              Respectfully submitted,

/s/ Ryan Patrick

| | |
|---|---|
| Marcella C. Burke<br>TX State Bar 24080734<br>SDTX No. 1692341<br>Burke Law Group, PLLC<br>1000 Main St., Suite 2300<br>Houston, TX 77002<br>Tel: 832.987.2214<br>Fax: 832.793.0045<br>marcella@burkegroup.law | Ryan Patrick<br>Attorney-in-Charge<br>TX State Bar 24049274<br>SDTX No. 3006419<br>Haynes and Boone LLP<br>1221 McKinney Street, Suite 4000<br>Houston, Texas 77010<br>Tel: 713.547.2000<br>Fax: 713.547.2600<br>ryan.patrick@haynesboone.com |
| Jeffrey A. Hall<br>VA State Bar 82175<br>SDTX No. 3885025<br>Burke Law Group, PLLC<br>2001 L. Street N.W., Suite 500<br>Washington, D.C. 20036<br>Tel: 832.968.7564<br>Fax: 832.793.0045<br>jeff@burkegroup.law | Mark D. Lytle<br>DC Bar 1765392<br>SDTX No. 3884197<br>Nixon Peabody LLP<br>799 9th Street NW, Suite 500<br>Washington, D.C. 20001<br>Tel: 202.585.8435<br>Fax: 202.585.8080<br>mlytle@nixonpeabody.com |

**ATTORNEYS FOR DEFENDANT EITHAN DAVID HAIM**

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that a true and correct copy of the above and foregoing document has been filed and served on September 16, 2024 using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ *Marcella C. Burke*
Marcella C. Burke

## CERTIFICATE OF CONFERENCE

I hereby certify that on September 15, 2024, I conferred via email with counsel for the government Jessica Feinstein who confirmed that the relief requested herein was opposed.

/s/ *Ryan Patrick*
Ryan Patrick