# EXHIBIT C

# HAYNES BOONE



September 5, 2024

AUSA Tina Ansari
1000 Louisiana, Ste 2300
Houston, TX 77002
*delivered via email to: Tina.Ansari@usdoj.gov*

Dear Ms. Ansari,

Through this letter, I am making a written request for discovery pursuant to Federal Rule of Criminal Procedure 16. I am also requesting all discovery required by the federal rules of criminal procedure, federal statutes, and the United States Constitution. The following are my specific requests:

1. Initially, I would request early disclosure of any *Jencks* material, including but not limited to summaries of witness statements, to include FBI Forms 302 (including supporting notes) and Health and Human Services Office of Inspector General Memoranda of Interviews (including supporting notes) and transcripts of all grand jury testimony, to include the presentment of the indictment in this case. I make these requests now so that I will not need to ask for appropriate recesses and continuances during trial.

2. Pursuant to Rule 16(a)(1)(A) of the Federal Rules of Criminal Procedure, I request the following discovery regarding statements made by Dr. Eithan Haim, the defendant in this case:

   a. All relevant written or recorded statements;

   b. All written records containing the substance of any relevant oral statement made by Dr. Haim in response to interrogation by a person he knew to be a government agent, including but not limited to (i) all law enforcement agency reports and (ii) all notes of law enforcement officers, whether or not used to prepare reports; and

   c. The substance of any other relevant oral statement made by Dr. Haim in response to interrogation by a person he knew to be a

government agent if the government intends to use that statement at trial.

With respect to these subcategories, I specifically request, as I believe is your obligation, that you not simply assume that any summary which already exists reflects all significant aspects of any statement. Instead, please check this with whoever wrote the report and have him or her prepare a new summary if the one that exists is not complete.

3.  I also request all reports, notes, and dispatch or any other tapes that relate to the circumstances surrounding any questioning of any witnesses, including Dr. Haim. This request includes but is not limited to any rough notes, records, reports, transcripts, or other documents in which statements of Dr. Haim or any other discoverable material is contained. This is all discoverable under Federal Rule of Criminal Procedure 16(a)(1)(A) and *Brady v. Maryland*, 373 U.S. 83 (1963).

4.  Pursuant to Rule 16(a)(1)(D), I request a complete copy of Dr. Haim's prior criminal record, including both state and federal "rap sheets," if any such records exist.

5.  Pursuant to Rule 16(a)(1)(E), I request copies of all books, papers, documents, and photographs that the government intends to use as evidence in its case in chief at trial, which are material to the preparation of the defense, and/or which were obtained from or belong to Dr. Haim. With respect to photographs, I request my own set of photographs, not photocopies. If you wish, you may provide me with the photographs or negatives, and I will make my own photographs from those.

6.  Further, I request copies of any search warrants and affidavits resulting in the seizure of evidence intended for use by the government at trial, or which was taken from, or belongs to Dr. Haim. I also request notice of whether Dr. Haim has been the subject of any electronic eavesdropping, wiretaps, or any other interception of wire or oral communications.

7.  Pursuant to Rule 404(b) of the Federal Rules of Evidence, I request reasonable notice of any evidence of other bad acts which the government intends to introduce at trial. It is my position that reasonable notice means notice no later than the deadline for filing motions in this case.

8.  I request all information and material subject to disclosure under *Brady v. Maryland*, 373 U.S. 83 (1963), and *Giglio v. United States*, 405 U.S. 150 (1972).

9. I request the following information as to each government witness, on the ground that it is discoverable under *Giglio*:

    a. Any prior criminal convictions and/or arrests and any evidence that the witness has committed or is suspected of committing a criminal act which did not result in an arrest or conviction.

    b. Any payments made to the witness and the dates of such payments, whether in connection with this case or any other case, state or federal.

    c. Any implicit or explicit promises of benefit which have been made by any government agent or agency, state or federal, regarding (i) non-prosecution for any offense, (ii) recommendations of leniency, or (iii) information to be provided at sentencing for any offense.

    d. Any implicit or explicit promises of benefit which have been made to the informant, by any government agent or agency, in any other area, including but not limited to immigration status.

    e. All known occasions on which the witness has made false statements to any person, including but not limited to law enforcement officers or any law enforcement agency or court, and specifically including but not limited to any aliases that the witness may have used.

    f. Any false identification document that has ever been in the possession of and/or used by the witness, and each and every occasion on which the witness is known to have used said document.

    g. Any evidence that any prospective government witness is biased or prejudiced against Dr. Haim or has a motive to falsify or distort his testimony.

    h. Any evidence, including any medical or psychiatric report or evaluation, tending to show that any prospective witness's ability to perceive, remember, communicate, or tell the truth is impaired; and

3

        any evidence that a witness has ever used narcotics or other controlled substances, or has ever been an alcoholic.

    i.    Any other information which adversely reflects on the credibility of the witness.

10. I request the name, address, and location of any informant or other person who was a percipient witness to a material event in the case, who was a substantial participant in the investigation of the case, or who may have information relevant and helpful to the defense.

11. I request the name of any witness who made an arguably favorable statement concerning Dr. Haim. I also request disclosure of any statement that may be "relevant to any possible defense or contention" that Dr. Haim might assert. This includes in particular any statements by percipient witnesses.

12. I request disclosure of any exculpatory witness statement, including negative exculpatory statements, i.e., statements by informed witnesses that fail to mention Dr. Haim.

13. I request that you review the personnel records of all law enforcement witnesses and disclose any *Brady* or *Giglio* material contained in those records, pursuant to *United States v. Henthorn*, 931 F.2d 29 (9th Cir. 1991) to include but not be limited to:

FBI SA Paul Nixon;
FBI SA Chase Mills;
FBI SA Jayme Poteet;
HHS-OIG SA Raul Portillo;
HHS-OIG SA Justin Blan; and
Any other law enforcement agent who has participated in any investigation that relates to Dr. Eithan Haim.

14. I request all records related to any government investigation that included the conduct of Dr. Haim and was performed by the Federal Bureau of Investigation (FBI); the U.S. Department of Health and Human Services (HHS), including the HHS Office of Inspector General and the HHS Office for Civil Rights; and any other governmental investigative agency, including but not limited to the HHS Office of Civil Rights inquiry with OCR Transaction Number 23-529752, including all witness

statements, summaries of witness interviews, and records that support the conclusions contained therein.

    I appreciate your prompt provision of discovery so we may more quickly investigate this case and intelligently prepare this matter for trial on behalf of my client, Dr. Haim.

Sincerely,

/S/

Ryan Patrick