IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § § | |
| v. | § | Criminal Action No: 4:24-cr-00298 |
| | § § | |
| EITHAN DAVID HAIM | § | |

### GOVERNMENT'S OPPOSITION TO DEFENDANT'S RENEWED MOTION FOR A CONTINUANCE

TO THE HONORABLE DAVID HITTNER:

The Government respectfully submits this memorandum in opposition to defendant Eithan David Haim's renewed request for a motion for a continuance. As set forth below, little has changed since the defendant's prior request. On September 12 and 13, 2024, the Government learned for the first time about the existence of certain Texas Childrens' Hospital ("TCH") records that were not in its possession, and promptly disclosed that information to the defense. The new information is not the bombshell that the defendant suggests it is, and, in any event, is information that would have been within the defendant's personal knowledge, which he could have requested from TCH months ago. The Court should deny the renewed request.

1

I.   BACKGROUND[1]

On September 12, 2024, the Government held a routine meeting with outside counsel for TCH to discuss the scheduling of witnesses for trial. During the meeting, counsel for TCH told the Government, in substance, that there were "notes" in TCH's electronic medical record system ("EPIC") indicating the defendant may have been present for certain patient services after the end of his rotation at TCH in January 2021. This was the first time the Government learned that the defendant may have been present for patient procedures at TCH after the end of his rotation. The underlying TCH records are not presently in the Government's possession.

The next day, September 13, 2024, the Government held a follow-up call with TCH to confirm that the Government had accurately understood the dates and descriptions of the records. The same day, the Government disclosed the information it had just learned to the defendant, *see* Ex. A to the Defendant's Motion for a Continuance, Dkt. No. 39.

TCH has represented that, this week, it expects to produce to the Government: (1) TCH patient records where Haim's name appears following the

---

[1] For a full recitation of the background of the case and the legal requirements of HIPAA, the Government refers the Court to its Pretrial Motions, Docket 33.

conclusion of Haim's pediatric rotation at TCH in January 2021.[2] (2) EPIC access records for those patients for a period from three days before to three days after the date of service. And (3) Haim's badge swipes at TCH facilities showing his physical access after the end of his pediatric rotation in January 2021.[3] The Government will promptly produce these records to the defendant.

Haim was not a treating or attending physician for any of the specific pediatric patients whose initials are referenced in Counts One through Four of the Indictment, whose records he obtained in violation of HIPAA. The newly disclosed information does not contradict that.

II.     ARGUMENT

The defendant has renewed his request for a continuance of the trial on the basis that the newly disclosed information "vitiates the central theory of the prosecution" (Def. Mot. at 1), and that there are large volumes of hospital records that the Government must obtain and then produce (Def. Mot. at 3 to 9). Neither of these arguments is correct.

First, the fact that the defendant was present for or involved in the treatment

---

[2] The Government's email to defense counsel cited December 2021 as the date when his residency ended. It ended in January 2021, and the Government has requested the records for the full period of time.

[3] Records showing the defendant's badge swipes in 2022 and 2023 were produced to the defense in June 2024. They show the defendant's badge was swiped at TCH on certain dates in 2022 and 2023.

3

of certain TCH patients after the end of his residency rotation has no bearing on the crimes charged in the Indictment. As alleged, the defendant obtained the individually identifying information of children—those whose initials are listed in Counts One through Four—who were not under his treatment or care without authorization. He obtained that information under the false pretense that he was accessing their records for legitimate reasons, not so he could expose a practice of the hospital to the press. None of the newly identified information contradicts that.

The defense's hyperbolic reaction to the Government's disclosure is undermined by his many public admissions. In interviews posted on Youtube, for example, he admits that he was the source of the leaked patient information, that he was trying to contact journalists for months before he disclosed the information, and that the reason he did this was to expose the hospital for a practice he disagreed with. In light of these public admissions, the defendant's suggestion that the Government's case is collapsing and that "nearly everything the government has alleged is now proven wrong" is a major overstatement calculated to obtain an unnecessary three-month continuance.

Second, the defendant's argument that there is a large volume of outstanding discovery and *Brady* material is likewise inaccurate. As previously noted, the vast majority of discovery was produced to the defendant in June and July 2024. There

is still more than a month for the defendant to prepare for trial and review the evidence, including the new records that the Government anticipates receiving from TCH and producing to the defendant this week.  The Government has now answered the defendant's discovery demand letter, *see* Exhibit A, attached. Most of his demands (many of which are related to *Giglio* or Jencks material, not Rule 16 discovery) were either already satisfied or request evidence that does not exist.[4]

The defendant suggests that the Government is responsible for requesting and obtaining a broad swath of hospital records not in the Government's possession or control, which are even beyond anything the Government has knowledge or awareness of. (*See* Def. Mot. at 5-6 (suggesting the Government must obtain "all instances that Dr. Haim was involved in any way with TCH patient care during the broad time frame of the indictment and all times after the date referenced in the indictment as the last time Dr. Haim rotated through TCH" and a host of other unspecified "potential evidence which is likely exculpatory to Dr. Haim")).  Essentially, the defendant is trying to make the Government into a defense investigator.  However, "*Brady* prohibits suppression of evidence, it does not require the government to act as a private investigator and valet for the

---

[4] The defendant also demands the Government's communications with TCH about the newly disclosed information. As described above, these were oral in person and phone communications between the Government and outside counsel for TCH. No TCH personnel were present for these discussions.

defendant, gathering evidence and delivering it to opposing counsel." *United States v. Tadros*, 310 F.3d 999, 1005 (7th Cir. 2002). *See also United States v. Avenatii*, No. 19 Cr. 374, 2022 WL 457315, at *12 (S.D.N.Y. Feb. 15, 2022) ("*Brady* does not require the Government to 'acquire' evidence or information from others (let alone evidence or information that is already in the defendant's possession). At most, it requires disclosure of evidence or information in the Government's possession."). The Government has no obligation to go on a fishing expedition for such materials from TCH or other third parties.

Finally, a continuance is uncalled for because the crux of the newly disclosed information—that the defendant had contact with TCH patients after his rotation ended—is something the defendant had personal knowledge of before the Government. The defendant knows when he was at TCH and why. He has had the Indictment since May 2024, and the discovery since July 2024. In other words, the defense has had months to investigate the allegations and subpoena TCH and anyone else for records helpful to the defense. The defendant has not been blindsided by the newly disclosed information or by a fast-approaching trial date. There is therefore no cause for a continuance.

III. CONCLUSION

There have been no material changes since the defendant's last motion for a continuance one week ago. For the reasons set forth above, the Court should deny the defendant's renewed motion for a continuance.

Date: September 17, 2024

Respectfully submitted,

ALAMDAR HAMDANI
United States Attorney
Southern District of Texas

By: *s/*_____
Tina Ansari
Tyler S. White
Jessica Feinstein
Assistant United States Attorneys
1000 Louisiana Street, 25th Floor
Houston, Texas 77002
Tel.: (713) 567-9000

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this September 17, 2024, I electronically filed the foregoing document with the Clerk of Court using CM/ECF, which will send a notice of electronic filing to all defense counsel of record.

*s/ Jessica Feinstein*
Jessica Feinstein
Assistant United States Attorney