# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § § | |
| v. | § § § § | Criminal Action No: 4:24-cr-00298 |
| EITHAN DAVID HAIM | | |

## UNITED STATES' UNOPPOSED APPLICATION FOR PROTECTIVE ORDER

TO THE HONORABLE COURT:

The United States, by and through its unsigned attorney, files this Application for a protective order governing discovery in the above-referenced case pursuant to Federal Rules of Criminal Procedure 16(d). Some of the discovery in this case contains personal health and identifying information of individuals who are not parties to the case and references to witnesses and unindicted individuals or entities ("Sensitive Discovery"). The United States has provided copies of discovery, including unredacted Sensitive Discovery. The United States seeks to protect the confidentiality of this information. Accordingly, the United States asks the Court to order the Defendant and his attorneys to limit their disclosure of discovery, especially unredacted Sensitive Discovery.

1

## I. Background

On May 29, 2024, a grand jury in the Southern District of Texas indicted the defendant with four counts of violating the criminal provisions of the Health Insurance Portability and Accountability Act ("HIPAA"). Trial is scheduled for October 21, 2024.

## II. Authority and Argument for a protective order

This Court possesses the express authority to enter protective orders to handle all matters of a private or sensitive nature. Fed. R. Crim. P. 16(d) (discovery protective orders), 49.1(e) (protective orders concerning matters of privacy and personal information). Specifically, Rule 16(d)(1) permits courts "for good cause" to enter protective orders that "deny, restrict, or defer discovery or inspection, or grant other appropriate relief." Indeed, "the trial court can and should, where appropriate, place a Defendants and his counsel under enforceable orders against unwarranted disclosure of the materials which they may be entitled to inspect." *Alderman v. United States*, 394 U.S. 165, 185 (1969) (citing Fed. R. Crim. Proc. 16(e)); *see also United States v. Yassine*, 574 F. App'x 455, 461 (5th Cir. 2014) (same). Once the government establishes good cause, the burden shifts to the Defendant to establish that the protective order would cause prejudice. *Yassine*, 574 F. App'x at 461.

"The use of protective orders to prevent disclosure of private medical information is [] clearly established." *United States v. Carriles*, 654 F. Supp. 2d

2

557, 568 (W.D. Tex. 2009) (citations omitted). The personal and medical information at issue in this case includes the type given special protection, including by HIPAA and Federal Rule of Criminal Procedure 49.1, such as dates of birth, social security numbers, and addresses.

Because the discovery in this case contains confidential and sensitive information, the United States proposes the following restrictions on disclosure and handling of discovery, including unredacted Sensitive Discovery, which it believes constitute the least restrictive measures available to protect the various interests involved in this case, including the Defendant's interest in full and efficient discovery:

1. Without the consent of the United States or approval from the Court, the discovery and information therein may only be used in connection with the litigation of this case and for no other purpose.

2. Without authorization of the Court, the discovery, including Sensitive Discovery, made available by the United States to the Defendant and his attorneys of record is not to be disclosed or disseminated to anyone other than the named Defendant; Defendant's attorneys of record; and members of the defense team, including defense investigators, paralegals, expert witnesses, and other individuals necessary for assisting defense in the preparation and trial of this matter (collectively, "the Defense Team").

3. The Defendant will be permitted to view Sensitive Discovery only in the presence of his attorneys of record, defense investigators, or the staff of his attorneys. Copies of Sensitive Discovery shall not be disseminated to, or by, the Defendant. The Defendant shall not be permitted to keep or take with Defendant Sensitive Discovery, including copies and notes of such materials.

4. Prior to providing discovery to a member of the Defense Team, defense counsel is required to provide a copy of this Protective Order to the Defense Team member receiving discovery and obtain written acknowledgement that the Defense Team member is bound by the terms and conditions of this Protective Order. The written consent need not be disclosed or produced to the United States unless ordered by the Court.

5. In the event the Defendant seeks to use or attach the discovery material in any court filing, at trial, or in another hearing in this matter, any filings shall comply with Rule 49.1 of the Federal Rules of Criminal Procedure and the electronic filing policies and procedures of the United States District Court for the Southern District of Texas.

6. At the close of this case, defense counsel shall return the Sensitive Discovery to the U.S. Attorney's Office, Southern District of Texas, Houston Division, or otherwise certify that the material has been

      destroyed.

7. Any person who willfully violates this order may be held in contempt of court and may be subject to monetary or other sanctions as deemed appropriate by this Court.

8. The protective order does not limit employees of the United States Attorney's Office from disclosing the discovery to members of the United States Attorney's Office, the Department of Justice, enforcement agencies, and to the Court and defense, as necessary to comply with the government's discovery obligations.

### III. Conclusion

To protect personal and sensitive information, the United States respectfully requests that the Court enter a protective order limiting the disclosure of discovery materials as described in this Application and the proposed order attached to this motion.

                                  Respectfully submitted,

                                  ALAMDAR S. HAMDANI
                                  United States Attorney

By:   /s/ Jessica Feinstein
       Jessica Feinstein
       Assistant United States Attorney
       United States Attorney's Office
       1000 Louisiana Street, Suite 2300
       Houston, Texas 77002
       Jessica.feinstein@usdoj.gov
       (713) 567-9000

## CERTIFICATE OF SERVICE

I hereby certify that on September 24, 2024 a true and correct copy of the foregoing pleading was served on the Defendants' counsel of record via the Court's Electronic Case File system.

/s/ Jessica Feinstein
Jessica Feinstein
Assistant U.S. Attorney

## CERTIFICATE OF CONFERENCE

On September 24, 2024 the United States conferred with counsel for the Defendant. Counsel for the Defendant does not object to the protective order.

/s/ Jessica Feinstein
Jessica Feinstein
Assistant U.S. Attorney