# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# LAREDO DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § § | **Criminal No. 4:24-cr-00298** |
| v. | § § | |
| **EITHAN DAVID HAIM** | § § | |
| Defendant. | § § | |

## PROPOSED DISCOVERY PROTECTIVE ORDER

Before the Court is the United States' unopposed motion for a protective order limiting the disclosure of discovery materials. The Court finds that good cause has been established to restrict disclosure and handling of discovery in this case and that the proposed protective order is a reasonable measure that protects the rights of the Defendant, the public, and witnesses involved in this case.

**IT IS ORDERED** that the motion is **GRANTED**.

**IT IS FURTHER ORDERED** that without the consent of the United States or approval from the Court, the discovery and information therein may only be used in connection with the litigation of this case and for no other purpose.

**IT IS FURTHER ORDERED** that without authorization of the Court, the discovery made available by the United States to the Defendant and his attorneys of record, including Sensitive Discovery, is not to be disclosed or disseminated to

anyone other than the named Defendant; Defendant's attorneys of record; and members of the defense team, including defense investigators, paralegals, expert witnesses, and other individuals necessary for assisting defense in the preparation and trial of this matter (collectively, "the Defense Team").

**IT IS FURTHER ORDERED** that the Defendant will be permitted to view discovery that contains unredacted personal health and identifying information of individuals who are not parties to the case ("Sensitive Discovery") only in the presence of his attorneys of record, defense investigators, or the staff of his attorneys. Copies of Sensitive Discovery shall not be disseminated to, or by, the Defendant. The Defendant shall not be permitted to keep or take with Defendant Sensitive Discovery, including copies and notes of such materials.

**IT IS FURTHER ORDERED** that prior to providing discovery to a member of the Defense Team, defense counsel is required to provide a copy of this Protective Order to the Defense Team member receiving discovery and obtain written acknowledgement that the Defense Team member is bound by the terms and conditions of this Protective Order. The written consent need not be disclosed or produced to the United States unless ordered by the Court.

**IT IS FURTHER ORDERED** that in the event the Defendant seeks to use or attach the discovery material in any court filing, at trial, or in another hearing in this matter, any filings shall comply with Rule 49.1 of the Federal Rules of Criminal

Procedure and the electronic filing policies and procedures of the United States District Court for the Southern District of Texas.

**IT IS FURTHER ORDERED** that at the close of this case, defense counsel shall return the Sensitive Discovery to the United States Attorney's Office, Southern District of Texas, or otherwise certify that the material has been destroyed.

**IT IS FURTHER ORDERED** that the protective order does not limit employees of the United States Attorney's Office from disclosing the discovery to members of the United States Attorney's Office, the Department of Justice, enforcement agencies, and to the Court and defense, as necessary to comply with the government's discovery obligations.

**IT IS FURTHER ORDERED** that any person who willfully violates this order may be held in contempt of court and may be subject to monetary or other sanctions as deemed appropriate by this Court.

SIGNED in Houston, Texas, on this ___ day of September, 2024

---

The Honorable David Hittner
United States District Court Judge