# EXHIBIT C

FD-302 (Rev. 5-8-10)



# FEDERAL BUREAU OF INVESTIGATION

Date of entry: 04/09/2024

    On April 8, 2024, Dr. LARRY HOLLIER, was interviewed at Texas Children's Hospital (TCH) by SA Paul Nixon and AUSA Tina Ansari. Attorneys Greg Saiken, Lisa Houssiere, and David Stockel were present during the interview. After being advised of the interviewing Agent and the nature of the interview, HOLLIER provided the following information:

    HOLLIER has Surgeon in Chief at TCH since 2018 and has been employed at TCH for 26 years. HOLLIER is a member of the BAYLOR faculty.

    TCH hosts residents for rotations from BAYLOR, METHODIST, and a few other select institutions in the medical center. Residents rotate through pediatric speciality rotations at TCH as appropriate to their relevant specialities.

    HOLLIER has never met EITHAN HAIM, but HOLLIER has learned of HAIM through an investigation at TCH.

    HOLLIER discussed HIPAA protected access to medical records at TCH. BAYLOR would have been responsible for most of HAIM's HIPAA training and admonishments. The process of gaining access at TCH would have been primarily administrative and therefore would have only included perfunctory HIPAA training. HOLLIER is not familiar with the HIPAA paperwork for TCH, but he is aware that there is some. HOLLIER is familiar with the BAYLOR HIPAA training and knows that they require HIPAA compliance training and periodic recertifications. Additionally, HOLLIER advised that the medical profession has a culture of HIPAA compliance related to patient medical records.

    HOLLIER advised that a medical residency takes between five and six years to complete. Rotations at TCH are typically for one to four months at a time. A resident's authority to have access is persistent throughout their residency, but any such access must be compliant with HIPAA privacy. Medical professionals are only allowed to access patient records for patients under their care or that they were directly involved in treating.

    As a resident, HAIM had authority to request access for the purpose of

Investigation on 04/08/2024 at Houston, Texas, United States (In Person)

File # 209E-HO-3772250      Date drafted 04/08/2024

by Paul Nixon

This document contains neither recommendations nor conclusions of the FBI. It is the property of the FBI and is loaned to your agency; it and its contents are not to be distributed outside your agency.

treating patients if he had job duties at TCH. HAIM had no job duties related to minors at the time he accessed the HIPAA protected minor patient information contained in the files and surgical schedules. Based on HAIM's on call duties, HAIM had no documented reason to access the TCH system as he was on a stand-by duty list to see adults, and there was no record reflecting that he had seen any adult patients over the weekend when accessed the TCH system. HAIM lacked any justifiable reason to access the medical information of minors as he was not assigned to care for minors in any way. HOLLIER can not think of any rational reason why HAIM would have needed access to the medical records he accessed.

If HAIM had seen an adult patient at TCH, there should have been a record of the services provided to that patient in the form of an entry in the patient's medical file. HAIM did not have authority to review or access any pediatric patient files. Doctors are only allowed to view patient medical records for patients for whom they are directly involved in providing care.

HOLLIER provided that he is not allowed to access the patient files for his minor children using the TCH system. For these files, he would be required to use the same medical records request as any other parent.

HOLLIER detailed the process of reporting concerns about patient care through the appropriate channels. A resident should report their concerns to the senior resident. The next reporting tier would be the the Chief of Pediatric surgery, and HOLLIER would be the final tier that a report or concern could be directed to. HOLLIER did not receive any such complaint or concern about patient care from HAIM, nor is he ware of any record of such complaints or concerns from HAIM. HOLLIER added that a BAYLOR resident could report to the Chairman of Surgery at BAYLOR.

HOLLIER identified Child Protective Services as the reporting agency for child abuse in Texas.

HOLLIER advised that fifth year residents do not have rotations at TCH for providing care to minors. Residents at BAYLOR-ST.LUKES have some backup duties. HOLLIER was unable to recall an incident during his tenure at TCH where a resident was called to provide backup care services to an adult patient at TCH.

HOLLIER was aware that TCH identifications and logins expire when not used for an extended period.