UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § § § § § § § | **Criminal No. 24-CR-00298** |
| V. | | |
| **EITHAN HAIM** | | |

### DEFENDANT'S REPLY IN SUPPORT OF DEFENDANT'S MOTION FOR GRAND JURY MATERIAL

The defendant, Dr. Eithan Haim, respectfully submits this reply to address the government's arguments raised in response, Dkt. No. 88 ("Response"), to its motion for grand jury material, Dkt. No. 84.

*First*, the defense is concerned primarily with the superseding indictment and seeks the grand jury materials related to it—not with litigating problems with the original indictment. The government's sole argument in support of not disclosing grand jury materials regarding the superseding indictment is that the defense's request is based on "little more than assumptions and speculation" and therefore amounts to a sufficiency of the evidence challenge. That is wrong. The defense explained the history of the two indictments, the way the allegations changed, and the evidence the government had at various points in time to demonstrate that there is a strong inference that the government knowingly sponsored false testimony for the superseding indictment—not to raise a moot issue as the government asserts.

As the defense's motion explained, the government sought the original indictment, which the government has already conceded included false allegations, based on misleading testimony.[1] The government now, in its response, effectively concedes that it relied on that testimony before the grand jury and that the testimony is false or misleading (even if the government may not have realized it at the time).[2] Response at 11. The false pretenses charge in the original indictment fundamentally depended on that testimony and the false allegations springing from it because, if Dr. Haim had been covering TCH through 2023 (as he was), then his requests for access based on covering adult patients would not have been made under false pretenses.

Regardless of when the government should have known that those allegations and the testimony were false, it did before seeking the superseding indictment. Yet the government simply deleted those allegations and doubled down on the charges by including a false pretenses charge in all counts (rather than only count 1, as in the

---

[1] The precipitating event for the superseding indictment, after all, was that TCH disclosed the existence of the patient records showing that Dr. Haim had treated TCH patients into April 2023 to the government during a witness preparation session with TCH witnesses. Dkt. No. 39-2. The circumstances imply that TCH realized its witnesses simply could not testify as the government wanted given the information in the patient records. To date the government has failed to provide any new discovery on what happened, the timeline of events, or what was said during that meeting. It has provided no new evidence related to the charged conduct besides that TCH material and no new witness summaries of interviews.

[2] The government equivocates on whether it had reviewed the evidence or realized that the testimony was contradicted by other evidence. Department of Justice procedures require that "all potentially discoverable material within the custody or control of the prosecution team should be reviewed." Justice Manual § 9-5.002(B).

original indictment).  It obtained the superseding indictment only days after the second continuance was granted.  All the evidence that had come to light since the original indictment undermined the original factual allegations upon which the false pretenses charge was based as well as the charge itself.  This raises a substantial and specific inference that the government simply re-used the (now known to be) false testimony before the grand jury to obtain the superseding indictment.

If the government had simply obtained the second indictment from the start, whether the defense could challenge it based on the evidence might be a closer question.  But here, the history of the indictments, extensive discussion of the evidence, and timing demonstrate a substantial probability that the government sponsored false information to the grand jury.  The defense has therefore shown "a particularized need" for the grand jury materials because it has "show[n] that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury," Fed. R. Crim. P. 6(e)(3)(E)(ii).

*Second*, the government does not offer any justification at all regarding the superseding indictment.  It offers no assurance—even the most basic of representations—to the Court or the defense that it did *not* knowingly sponsor false testimony or simply re-use prior false testimony.  It also does not even assert that Dr. Haim did make any false statements supporting the false pretenses charges

3

despite discussing the evidence that the defense noted.[3]  And it does not state that it has obtained or presented any new evidence or changed its legal theories to justify the false pretenses charges.  The absence of any of this is even more noticeable because of the lengths the government goes to assure the Court that at the time it sought the original indictment, it did not know the false allegations were false because it believed the false testimony.  *See* Response at 10–12.  The absence of any assurance should also be sufficient to justify an inquiry.

*Third*, the implication that this would be a rare inquiry is correct because the government simply does not act as it has in this case.  In all the cases cited by the government, when the government learned of false information presented to the grand jury for an indictment, it superseded with a new indictment that fixed the errors by *clarifying* the allegations and *amending* the charges to make clear that no false material had been presented again.  The government then explained its revisions to the Court.  The government has not done any of that here.  The government simply cut the obviously false allegations with no further clarification but *added* the very same charge to other counts and has failed to offer any factual or legal justification.

---

[3] The government asserts that the defense inaccurately summarized TCH's OCR letter.  Response at 11.  The defense invites the Court to review the OCR letter carefully.  It states that Dr. Haim "rotated at TCH as follows" and then lists, in part, his "Coverage at Pavilion for Women" throughout 2021 to 2023, explaining that "Residents assigned to any of the Baylor St. Luke's Medical Center (BSLMC) general surgery rotations may also treat patients at TCH's Pavilion for Women as the BCM BSLMC general surgery faculty also provide coverage at TCH's Pavilion for Women." Two pages later, it states that Dr. Haim "had approved and authorized access to TCH's EMR."

Its minimalistic explanations are contradictory. When Magistrate Judge Palermo asked what was different in the superseding indictment at the arraignment on October 23, 2024, the government replied merely that charges were added. Yet its response now states the superseding indictment has "narrowed" the timeframe and "the focus for trial," removed irrelevant references after January 2021, omitted language about treating adult patients in 2023, and swapped in false pretense language for the wrongful disclosure allegations. Response at 2–3, 8. None of this owns up to mistakes or provides assurance that the fundamental errors were addressed. Simply put, the government's actions are odd and egregious, and they justify the rare but important remedy of opening up the grand jury transcripts.

      The Court should order that the government provide the relevant grand jury transcripts.

Dated: October 25, 2024

Respectfully submitted,

*/s/ Ryan Patrick*

Marcella C. Burke
TX State Bar 24080734
SDTX No. 1692341
Burke Law Group, PLLC
1000 Main St., Suite 2300
Houston, TX 77002
Tel: 832.987.2214
Fax: 832.793.0045
marcella@burkegroup.law

Ryan Patrick
Attorney-in-Charge
TX State Bar 24049274
SDTX No. 3006419
Haynes and Boone LLP
1221 McKinney Street, Suite 4000
Houston, Texas 77010
Tel: 713.547.2000
Fax: 713.547.2600
ryan.patrick@haynesboone.com

Jeffrey A. Hall
VA State Bar 82175
SDTX No. 3885025
Burke Law Group, PLLC
2001 L. Street N.W., Suite 500
Washington, D.C. 20036
Tel: 832.968.7564
Fax: 832.793.0045
jeff@burkegroup.law

Mark D. Lytle
DC Bar 1765392
SDTX No. 3884197
Nixon Peabody LLP
799 9th Street NW, Suite 500
Washington, D.C. 20001
Tel: 202.585.8435
Fax: 202.585.8080
mlytle@nixonpeabody.com

**ATTORNEYS FOR DEFENDANT EITHAN DAVID HAIM**

## **CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that a true and correct copy of the above and foregoing document has been filed and served on October 25, 2024 using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ *Marcella C. Burke*
Marcella C. Burke