United States Courts
Southern District of Texas
**FILED**
NOV 1 3 2024
Nathan Ochsner, Clerk of Court

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| v. | § § § § | Criminal Action No: 4:24-cr-00298 |
| EITHAN DAVID HAIM | | |

**GOVERNMENT'S SUPPLEMENTAL MOTION IN LIMINE**

TO THE HONORABLE DAVID HITTNER:

The Government respectfully submits this supplemental motion in limine regarding a video clip that the Government anticipates introducing at trial. Specifically, the Government respectfully requests that the Court issue a pretrial ruling regarding the admissibility of a video clip of the defendant, and precluding the defense from introducing any other parts of the video.

I.  The Video Clip

The Government anticipates introducing an excerpt from the defendant's video interview with media activist Chris Rufo posted on YouTube on January 10, 2024. The proposed excerpt, which runs from timestamp 25:00 to 26:23, and the

1

full, unedited video interview are attached for the Court's review as Exhibit A.[1] During the excerpt, the defendant discusses unsuccessfully reaching out to journalists for a period of five months regarding TCH's treatment of gender dysphoria before Rufo's team finally showed interest in April 2024. The clip, which is admissible by the Government as a statement of a party opponent, Fed. R. Evid. 801(d)(2)(A), is relevant to show, *inter alia*, the defendant's intent in repeatedly requesting access to TCH's electronic medical records system in 2023.

The Government respectfully requests that the Court issue a pretrial ruling regarding whether, if the Government introduces the proposed clip, any other portions of the video must be admitted pursuant to Federal Rule of Evidence 106, also known as the "Rule of Completeness."

Rule 106 provides: "If a party introduces all or part of a statement, an adverse party may require the introduction, at that time, of any other part—or any other statement—that in fairness ought to be considered at the same time." The Fifth Circuit has held that Rule 106 "requires the introduction of a writing or recorded statement only when the omitted portion is 'necessary to qualify, explain, or place into context the portion already introduced[.]" *United States v. Herman*, 997 F.3d

---

[1] The Government has submitted a USB drive containing Exhibit A to the Clerk of Court.

251, 264 (5th Cir. 2021) (internal quotation marks omitted). As *Herman* explained,

> While Rule 106 "encourages completeness in writings or recordings, it restricts a requirement of completeness by the qualification that the portion sought to be admitted must be relevant to the issues, and only the parts which qualify or explain the subject matter of the portion offered by the opponent need be admitted." *United States v. Crosby*, 713 F.2d 1066, 1074 (5th Cir. 1983). Rule 106 permits a party to correct an incomplete and misleading impression created by the introduction of part of a writing or recorded statement; it does not permit a party to introduce writings or recorded statements to affirmatively advance their own, alternative theory of the case.

*Id.*

The video clip proposed by the Government is complete on its own, and does not create any misimpression regarding the topic discussed: the timing of when the defendant was trying to reach out to journalists. The rest of the approximately hour-long interview discusses a wide range of other topics, including the defendant's stated reasons for deciding to go to the press, his understanding of the medical impacts of puberty blockers, his view of why other doctors do not make public disclosures, and his reaction to later being approached by the FBI. To the extent the defendant wants to introduce portions in which he advances his alleged reasons for reaching out to journalists, these are inadmissible hearsay, and unnecessary to clarify the clip provided. The defendant can testify if he wishes the jury to hear from him.

3

## II. CONCLUSION

For the reasons set forth above, the Government respectfully requests that the Court grant the Government's motion to preclude the defense from introducing other portions of the Rufo interview.

Date: November 13, 2024

Respectfully submitted,

ALAMDAR HAMDANI
United States Attorney
Southern District of Texas

By: *s/ Tina Ansari*
Tina Ansari
Tyler S. White
Jessica Feinstein
Assistant United States Attorneys
1000 Louisiana Street, 25th Floor
Houston, Texas 77002
Tel.: (713) 567-9000

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this November 13, 2024, I filed the foregoing document and exhibit with the Clerk of Court, and I sent an email notification to defense counsel attaching the above motion.

*s/ Jessica Feinstein*
Jessica Feinstein
Assistant United States Attorney