**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| | § | |
| v. | § | Criminal Action No: 4:24-cr-00298 |
| | § | |
| EITHAN DAVID HAIM | § | |

## GOVERNMENT'S MOTION FOR A GAG ORDER

TO THE HONORABLE DAVID HITTNER:

The Government respectfully submits this motion to request that the Court impose a gag order on the defendant and his defense counsel, as set forth in the proposed order filed with this motion.

The Government has become aware that this week, the defendant Eithan David Haim and his defense counsel Marcella Burke have made numerous publicly available statements on X (formerly known as Twitter) regarding the trial. Of particular concern to the Government are posts that could interfere with a fair trial or otherwise prejudice the Government or the administration of justice because they discuss and characterize the substance of pretrial proceedings that would ordinarily be excluded from consideration by the jury, and disparage the prosecutors and the case in inflammatory language. To that end, Ms. Burke appears to be violating Rule

1

3.07 of the Texas Disciplinary Rules of Professional Conduct governing trial publicity.[1]

Exhibit A to this motion, submitted under seal, are the recent X posts of the defendant.  Exhibit B to this motion, submitted under seal, are the recent X posts of Ms. Burke.    All these posts are publicly available, and have been viewed by thousands (and in some cases, tens of thousands) of users on X.

---

[1] As relevant here, Rule 3.07 states:

(a) In the course of representing a client, a lawyer shall not make an extrajudicial statement that a reasonable person would expect to be disseminated by means of public communication if the lawyer knows or reasonably should know that it will have a substantial likelihood of materially prejudicing an adjudicatory proceeding. A lawyer shall not counsel or assist another person to make such a statement.

(b) A lawyer ordinarily will violation paragraph (a), and the likelihood of a violation increases if the adjudication is ongoing or imminent, by making an extrajudicial statement of the type referred to in that paragraph when the statement refers to:

    (1)  the character, credibility, reputation or criminal record of a party. . .

    (5)  information the lawyer knows or reasonably should know is likely to be inadmissible as evidence in a trial and would if disclosed created a substantial risk of prejudicing an impartial trial.

Rule 3.07, Texas Disciplinary Rules of Professional Conduct (2022).

I.    LEGAL STANDARD

The Fifth Circuit has held that "a district court may . . . impose an appropriate gag order on parties and/or their lawyers if it determines that extrajudicial commentary by those individuals would present a 'substantial likelihood' of prejudicing the court's ability to conduct a fair trial," "as long as the order is also narrowly tailored and the least restrictive means available." *United States v. Brown*, 218 F.3d 415, 427-28 (5th Cir. 2000) (quoting *Gentile v. State Bar of Nevada*, 501 U.S. 1030 (1991)); *see United States v. Hill*, 420 F. App'x 407 (5th Cir. 2011).

As the Fifth Circuit concluded in affirming the gag order on the defendant and his attorneys in *Brown*, "'Extrajudicial comments on, or discussion of, evidence which might never be admitted at trial and ex parte statements by counsel [or parties] giving their version of the facts obviously threaten to undermine [the] basic tenet' that the outcome of a trial must be deiced by impartial jurors." 218 F.3d at 429 (quoting *Gentile*, 111 S. Ct. at 2743); *see id.* at 425 (noting that "gag orders on trial participants are evaluated under a less stringent standard than gag orders on the press"); *United States v. Aldawsari*, 693 F.3d 660, 665-66 (5th Cir. 2012) (affirming gag order barring the parties, their representatives, and their attorneys of record from communicating with the news media about the case).

II.     Proposed Gag Order

The Government respectfully requests that the Court impose a gag order on the defendant and the members of the defense team, including defense counsel, that is substantially identical to the gag orders approved by the Fifth Circuit in *Brown* and *Hill*.[2]  The requested order provides that:

1. No person covered by this order shall make any statement to members of television, radio, newspaper, magazine, internet, or other media organization, or shall publicly post or re-post any statement on the internet, including social media websites such as X, Facebook, or LinkedIn, that could interfere with a fair trial or otherwise prejudice the Defendant, the Government, or the administration of justice.

2. Nothing set forth above shall prohibit any of the parties from the following:
    a. Stating, without elaboration or any kind of characterization whatsoever:
        i. The general nature of an allegation or defense made in this case;
        ii. Information contained in the public record of this case;
        iii. Scheduling information;
        iv. Any decision made or order issued by the court which is a matter of public record.

    b. Explaining, without any elaboration or any kind of characterization whatsoever the contents of substance of any motion or step in the proceedings, to the extent such motion or step is a matter of public record in this case and any ruling made thereon to the extent that such ruling is a matter of public record.

---

[2] The gag orders in *Brown* and *Hill* did not involve social media posting. The Government has edited the proposed order to include statements on social media.

*Brown* found a similar gag order narrowly tailored to address the concerns of extrajudicial statements causing prejudice, while still leaving available various avenues of expression, including assertions of innocence, general statements about the nature of an allegation or defense, and statements of matters of public record. 218 F.3d at 429; *see also United States v. Hill*, 420 F. App'x 407 (finding similar gag order was reasonably specific to support a contempt conviction).

III.    Argument

The defendant and his counsel have demonstrated that they want to try this case in the press. *See United States v. Brown*, 218 F.3d 415, 429 (affirming gag order where district court found that government and the defendants are prepared to 'try this case in the press' and would attempt to use the media to influence the potential jury pool). As the Government described in its pretrial motions (Dkt. 33) the defendant has made numerous public statements about the case, including interviews in which he disparaged the Government and set forth his version of the facts.  He has continued to use social media throughout the proceedings to influence press coverage.  The defendant and his counsel have now crossed a line, bombarding social media with inaccurate and inflammatory descriptions of pretrial proceedings that would never be admissible before a jury. *See* Ex. A and B (Tweets from October 26, 2024 through November 19, 2024).  Even more shocking, Ms. Burke re-

5

posted a Tweet that included a photograph of AUSA Tina Ansari while, among other inaccurate statements, falsely suggested that that Ms. Ansari is making up law and statutes in filings. *See* Ex. B. The Government is concerned that such inflammatory posts encourage the online bullying of prosecutors and create heightened safety risks, serving as invitations to members of the media and the public to harass prosecutors.

These public postings create a substantial likelihood of prejudicing the Government, further tainting the jury pool, and impeding the Court's ability to hold a fair trial. We therefore respectfully request that the Court impose the proposed gag order to limit the damage.

In the alternative, if the Court declines to enter a gag order at this time, the Government respectfully requests that the Court, on the record, admonish the defendant and his attorneys to refrain from making statements that could prejudice proceedings, and remind defense counsel of their duties under the Rules of Professional Conduct.

I.    CONCLUSION

For the reasons set forth above, the Court should grant the Government's request for a gag order.

Date:  November 20, 2024                    Respectfully submitted,

                                            ALAMDAR HAMDANI
                                            United States Attorney
                                            Southern District of Texas

                            By:    s/ Jessica Feinstein
                                   Jessica Feinstein
                                   Tyler S. White
                                   Assistant United States Attorneys
                                   1000 Louisiana Street, 25th Floor
                                   Houston, Texas 77002
                                   Tel.: (713) 567-9000

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this November 20, 2024, I electronically filed the foregoing document with the Clerk of Court using CM/ECF, which will send a notice of electronic filing to all defense counsel of record.

<u>*s/ Jessica Feinstein*          </u>
Jessica Feinstein
Assistant United States Attorney