# EXHIBIT A
# (UNDER SEAL)



**Eithan Haim MD** ✓ @EithanHaim · Oct 27

DOJ concedes they presented false information to the first Grand Jury.

They just didn't do so "knowingly."

Yet, they triple down on the same claim in their second indictment without explanation or evidence.

Seems to be less about knowing the truth, more so punishing it.



💬 143    🔁 1.8K    ♡ 4.5K    📊 558K



**Eithan Haim MD** ✓ @EithanHaim · Oct 27

The Feds are running us dry with tactics just like this. The only way we keep on fighting is through crowd-sourced donations. Every dollar is a signal to these tyrants that the days of average people not fighting back are over.



USA0086299

**Eithan Haim MD** @EithanHaim · Oct 26 

The letter describes how the lead prosecutor admitted to never reviewing the evidence - relying on the FBI and possibly Homeland Security.

This came to fruition after their first indictment collapsed last month after it was revealed to be based on egregiously false information.

---

Excerpt from letter my attorneys sent to Weaponization Subcommittee. January 2024.

Yet the DOJ prosecutor then admitted that she had never even reviewed the purported evidence against Dr. Haim. Under DOJ policy, a target is a "putative defendant," meaning that there is sufficient evidence and a sufficient likelihood of conviction to warrant bringing criminal charges. Nevertheless, the prosecutor had not reviewed the purported evidence against Dr. Haim—she was relying entirely on the agents to tell her what the alleged crime was. According to her, DOJ had also already tasked FBI and possibly Homeland Security agents to assist in the investigation, and they had already been subpoenaing records.

---

The entire premise of the government's case has been that Dr. Haim was an interloper, falsely claiming responsibility for TCH patients to hide some nefarious and malicious reason for accessing TCH records. This rested on the foundational premise that Dr. Haim treated no patients at TCH after January 2021. But the government's Friday the 13th disclosure has now blown apart this entire premise. As a result, Count 1 of the indictment (false pretenses) must be dismissed and the legitimacy of the rest of the indictment is now in question. Nearly everything the government has alleged is now proven wrong.

United States v. Haim (4:24-cr-00298) Renewed Motion For Continuance. September 16th, 2024. Page 2.

💬 1　　🔁 12　　♡ 59　　📊 1.4K

USA0086304



USA0086257

**Eithan Haim MD** 
@EithanHaim

Friday, we had a Motion to Dismiss hearing.

DOJ so thoroughly embarrassed themselves, it's hard to comprehend how this is still ongoing.

There's nothing I can say to translate how bad it was.

You have to read it for yourself.

And this was only first few minutes!



8:28 AM · Nov 20, 2024 · **52K** Views

The first thing I want to do, I'm going to ask the government a number of things, okay?

Ms. Ansari --

**MS. ANSARI:** Your Honor, I'm going to defer to Ms. Feinstein.

**THE COURT:** No, I want you to talk. You're the lead lawyer in this.

**MS. ANSARI:** Okay.

**THE COURT:** You're the lead lawyer. We've been calling you. We've had trouble getting in touch with you. No, you're the lead in this case.

*MTD Transcript 11-15-2024, Pg 4-5*

So the first question I have for you, okay -- well, it's obvious that the government didn't proofread or review the superseding indictment to prevent these errors, but are you going to file another superseding indictment or what?

**MS. ANSARI:** No, Your Honor --

**THE COURT:** Then how are you going to go ahead with the word "use" when it's not in the statute?

**MS. ANSARI:** Your Honor, we --

**THE COURT:** How do you get around that?

*MTD Transcript 11-15-2024 Pgs 7.*

> you went back to the state bar and corrected it. And, what is it -- also, **the government late disclosures.**
>
> On September 13th, 2024, the government disclosed that -- we had an initial trial date. <u>All of a sudden **everything goes haywire** on the date because the government disclosed the existence of additional discovery from Texas Children's Hospital on September 13th, 2024. This discovery was given to Haim one month -- one month before the initial trial</u> date. That's why we had to kick it down the road a bit and why it's set, I think, for early in December.

MTD Transcript 11-15-2024 Pgs 6.

> <u>Also, the other problems we had with the lead **prosecutor was that you had a suspended license** for a while, and it's only when it was pointed out by the defense that I guess</u> you went back to the state bar and corrected it. And, what is it -- also, the government late disclosures.

MTD Transcript 11-15-2024 Pg 6




**Eithan Haim MD** ✓
@EithanHaim

Motion to Dismiss Hearing #2

After the DOJ's first indictment was exposed to be entirely based on fiction, they got a second indictment.

Instead of relying on made up facts, they relied on made up crimes.

Then wanted the judge to clean up their mess.

Didn't work out.



9:03 AM · Nov 20, 2024 · **7,529** Views

> MTD Transcript 11-15-2024 Pg 7
>
> So the first question I have for you, okay -- well, it's obvious that the government didn't proofread or review the superseding indictment to prevent these errors, but are you going to file another superseding indictment or what?
>
> **MS. ANSARI:** No, Your Honor --
>
> **THE COURT:** Then how are you going to go ahead with the word "use" when it's not in the statute?
>
> **MS. ANSARI:** Your Honor, we --
>
> **THE COURT:** How do you get around that?
>
> **MS. ANSARI:** Yes. We agreed to strike that language in our response.
>
> **THE COURT:** You tell me.

> MTD Transcript 11-15-2024 Pg 8
>
> **THE COURT:** So what are you going to do? Are you -- how can you just strike the -- a superseding indictment, change the language?
>
> **MS. ANSARI:** We would like to then ask the Court for a motion to strike the language.
>
> **THE COURT:** That's denied.

**THE COURT:** All right. "Use" doesn't even appear in the statute that you filed in the -- and now you want to correct -- you want to correct the indictment, without going back and filing a superseding one, and, oh, just knock out the word "use" that you've used, no pun intended, and what do you want me to insert?

**MS. ANSARI:** Nothing to insert; just to strike it, Your Honor.

**THE COURT:** Well, how do you -- how go you get the elements there --

**MS. ANSARI:** Well, the elements --

**THE COURT:** -- of the indictment?

**MS. ANSARI:** Yes, Your Honor. The element is a person who knowingly, in violation --

**THE COURT:** Slow down.



**Eithan Haim MD** @EithanHaim · 2h

Motion to Dismiss Hearing #3

Judge notices how "wrongfully discloses" in first indictment is conveniently dropped and replaced by the noncrime "use."

Judge expectedly asks, "what's your best case on it."

*Nervous chatter* followed by a 'gotta get back t...
Show more

> MTD Transcript
> 11-15-2024 Pg 10
>
> THE COURT: Okay. Let me ask you this: How come you just change -- you took "wrongfully discloses" from the first indictment, and all of a sudden now you're using "use," and you want me to strike it -- or you want to strike it?
>
> MS. ANSARI: Your Honor, it is -- we're just agreeing that we don't need it. It's and/or use.
>
> THE COURT: Okay. I believe -- we'll hear from the defense on this point, but -- so you're saying, what, it's just minor points?
>
> MS. ANSARI: Yes, Your Honor.
>
> THE COURT: All right. What's your best case on it? We've done research on that.
>
> (Sotto voce discussion between Ms. Ansari and Ms. Feinstein.)
>
> MS. ANSARI: I can get back to you on the best case, Your Honor. I'm not -- on what issue, on taking out "use"?
>
> THE COURT: On taking out "use" or that, if you don't use the statute language, you substitute something for it, and you just want to remove it from the indictment.

5      ⟲ 44      ♡ 207      ᴵᴵᴵ 6.8K

THE COURT: Okay. Let me ask you this: How come you just change -- you took "wrongfully discloses" from the first indictment, and all of a sudden now you're using "use," and you want me to strike it -- or you want to strike it?

MS. ANSARI: Your Honor, it is -- we're just agreeing that we don't need it. It's and/or use.

THE COURT: Okay. I believe -- we'll hear from the defense on this point, but -- so you're saying, what, it's just minor points?

MS. ANSARI: Yes, Your Honor.

THE COURT: All right. What's your best case on it? We've done research on that.

(Sotto voce discussion between Ms. Ansari and Ms. Feinstein.)

MS. ANSARI: I can get back to you on the best case, Your Honor. I'm not -- on what issue, on taking out "use"?

THE COURT: On taking out "use" or that, if you don't use the statute language, you substitute something for it, and you just want to remove it from the indictment.