United States Courts
Southern District of Texas
FILED
*November 20, 2024*
Nathan Ochsner, Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| v.  § | **Criminal No.** |
| § | **4:24-cr-00298-S** |
| EITHAN DAVID HAIM § | |

## SECOND SUPERSEDING INDICTMENT

**THE GRAND JURY CHARGES:**

At all times relevant to this Second Superseding Indictment, unless otherwise stated:

## INTRODUCTION

1. Defendant Eithan David Haim ("**HAIM**") was a resident student at Baylor College of Medicine ("**BAYLOR**") specializing in general surgery. **HAIM** was a resident of BAYLOR from 2018 through 2023.

2. Baylor College of Medicine is a medical school and research center located in Houston, Texas.

3. Texas Children's Hospital ("**TCH**") is one of the largest pediatric hospitals in the United States. TCH operated in the Southern District of Texas as a health care provider, as defined by Title 42, United States Code, Section 1320d(3) and Title 45, Code of Federal Regulations, Section 160.103.

4. As part of **HAIM**'s residency with BAYLOR, **HAIM** had five rotations from 2019 to 2021 with pediatric patients in the general surgery division at TCH.

1

5. TCH treated pediatric patients residing in Houston, Texas and elsewhere. Patients receiving treatment at TCH provided their personal identification and health information, including name, date of birth, social security number, medical history, prescriptions received, and medications taken. TCH used computers and computer systems to store and exchange this patient medical information electronically.

6. TCH was a covered entity, as described in the HIPAA (Health Insurance Portability and Accountability Act) privacy regulation, Title 42, United States Code, Section 1320d-9(b)(3). The patient records maintained at TCH computers and computer systems contained "individually identifiable health information", as defined by Title 42 United States Code, Section 1320d(6) and Title 45, Code of Federal Regulations, Section 160.103.

7. In or around 2018, **HAIM** received his login credentials from TCH in order to access medical patient files. **HAIM** was only authorized to review patient records of patients under his care. **HAIM** was not authorized to look at medical records for patients that were not under his care at TCH or any other relevant entities.

8. In or around June 2018, **HAIM** participated in extensive HIPAA training provided to all BAYLOR residents upon entry into BAYLOR's residency program. **HAIM** was provided important information about HIPAA as well as information for reporting any medical concerns or issues. **HAIM** attended numerous trainings where BAYLOR provided information related to anonymous reporting of any instances of misconduct, ethic violations, or child abuse etc…to its medical students. The training was relevant to not only BAYLOR but to the related entities such as TCH.

9. Starting from September 2022 through April 2023, **HAIM** attempted to re-activate his TCH login credentials on numerous occasions. **HAIM**'s credentials had expired due to long periods of inactivity. **HAIM** sought to re-activate his login access at TCH to have access to pediatric patients not under his care. **HAIM** contacted TCH numerous times under the false pretense that he needed access to the electronic records system for the treatment of patients under his care.

10. On or about April 24, 2023, **HAIM**'s login activity showed that **HAIM** began accessing pediatric patient files at TCH that were not under his care.

11. **HAIM** obtained personal information including patient names, treatment codes, dates of service and attending physician from TCH's electronic system without authorization and under the false pretenses that he needed the access for the provision of medical services to patients under his care.

12. After **HAIM** obtained unauthorized individually identifiable health information of pediatric patients, **HAIM** did not attempt to report or report any concerns to supervisors at BAYLOR or TCH. **HAIM** did not report any concerns to the anonymous hotline provided by BAYLOR or to Child Protective Services as had been directed by BAYLOR when he entered the program.

13. Instead, **HAIM**, with the intent to use the individually identifiable health information to cause malicious harm to TCH and its physicians, obtained the individually identifiable health information and disclosed portions of the health information to a media contact, PERSON1.

14. In or around May 14 through May 16, 2023, **HAIM** and Person1 talked on the phone numerous times. On or about May 16, 2023, Person1 published patient information obtained by **HAIM** via X (formerly known as Twitter) and other online media outlets. The patient information had partially redacted out names of the pediatric patients but kept the dates of service, diagnosis, procedure codes and physician names visible.

15. As a result of **HAIM**'s actions, TCH resulted in financial loss, medical delays in previously scheduled patients as well as threats and harm to patients and/or esteemed physicians.

## COUNT 1

The Grand Jury further charges:

Paragraphs 1 through 15 of this Second Superseding Indictment are hereby re-alleged and incorporated by reference as though fully set forth herein.

From in or around January 2023 to in or around May 2023, in the Southern District of Texas, the defendant, **EITHAN DAVID HAIM**, knowingly and without authorization, and in violation of Title 42, United States Code, Chapter 7, Subchapter XI, Part C (provisions of HIPAA), obtained individually identifiable health information under false pretenses; to wit, electronic medical records which were maintained by TCH and which contained the individually identifiable health information of approximately four TCH patients: L.M., A.C., A.S., and G.M.

In violation of Title 42, United States Code, Sections 1320d-6(a)(2) and (b)(2).

## COUNTS TWO - FOUR

The Grand Jury further charges:

Paragraphs 1 through 15 of this Second Superseding Indictment are hereby re-alleged and incorporated by reference as though fully set forth herein.

From in or around January 2023 to on or in or around May 2023, in the Southern District of Texas, the defendant, **EITHAN DAVID HAIM**, knowingly and without authorization, and in violation of Title 42, United States Code, Chapter 7, Subchapter XI, Part C (provisions of HIPAA), obtained individually identifiable health information under false pretenses and with intent to use the individually identifiable health information to cause malicious harm to TCH and its physicians.

| Count | Date | Information Obtained |
|---|---|---|
| 2 | On or about April 24, 2023 through May 14, 2023 | Patient M.S.: MRN number, DOB, Date of Service, Notes, Visit type, Physician. |
| 3 | On or about April 24, 2023 through May 14, 2023 | Patient K.B.: MRN number, DOB, Date of Service, Notes, Visit type, Physician. |
| 4 | On or about April 24, 2023 through May 14, 2023 | Patient G.H.: MRN number, DOB, Date of Service, Notes, Visit type, Physician. |

In violation of Title 42, United States Code, Sections 1320d-6(a)(2) and (b)(2); (b)(3).

## NOTICE OF CRIMINAL FORFEITURE

**(18 U.S.C. § 981(a)(1)(D)(vi) and (E), and 28 U.S.C. § 2461(c))**

Pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), the United States gives notice to defendant,

**EITHAN DAVID HAIM**

that upon conviction for HIPAA violations as charged in Counts 1 through 4, all property, real or personal, which constitutes or is derived from proceeds traceable to such violation(s) shall be forfeited to the United States.

### Money Judgment and Substitute Assets

The United States will seek the imposition of a money judgment against the defendant. In the event that a condition listed in Title 21, United States Code, Section 853(p) exists, the United States will seek to forfeit any other property of the defendant in substitution.

A TRUE BILL

Original Signature on File
FOREPERSON OF THE GRAND JURY

ALAMDAR S. HAMDANI
UNITED STATES ATTORNEY

*Jessica Feinstein*
JESSICA FEINSTEIN
TYLER WHITE
ASSISTANT UNITED STATES ATTORNEYS

6