UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | Criminal No. 24-CR-00298 |
| V. | § § | |
| EITHAN HAIM | § § | |

**NOT THE BEE, LLC'S MOTION TO INTERVENE
AND MOTION TO UNSEAL**

Not the Bee, LLC ("Not the Bee") moves to intervene in this action for the limited purpose of moving to unseal the following docket entries on the ground that they have been sealed without sufficient justification: Dkt. Nos. 101, 104, 107, and 108 (the "Sealed Filings").

## I.   Introduction

This case warrants maximum transparency. The unprecedented investigation and prosecution of Dr. Eithan Haim has been covered by many media outlets and news websites, including Not the Bee, and is a topic of conversation among prominent politicians, intellectuals, and legal commentators, as well as the public at large. The press and public have demonstrated substantial interest in Dr. Haim's whistleblowing, the medical procedures on minors that are the subject of his revelations, the misconduct by the government in pursuing this prosecution, and the various setbacks that the government has faced in attempting to criminalize Dr. Haim's efforts to bring to light the illegal conduct of Texas Children's Hospital.

1

Not the Bee operates a news, opinion, and entertainment website and is interested in publishing news coverage of Dr. Haim's case to draw attention to the absurd fact that when a doctor exposed highly unethical medical practices, it was the *doctor* who faced criminal prosecution, despite his whistleblower status. As a member of the press and public, Not the Bee has standing to challenge the sealing of documents so that it may obtain access to information concerning judicial proceedings. The government has not demonstrated *any* legitimate grounds to seal the documents, let alone the heightened grounds necessary to suppress the public's First Amendment right of access to criminal proceedings and the press's right to gather the news. For these reasons, Not the Bee respectfully asks the Court to grant its motion to intervene for the limited purpose of moving to unseal, grant its motion to unseal, and order that docket entry numbers 101, 104, 107, and 108 be unsealed.

## II. Background

### a. Proposed Intervenor

Not the Bee operates the website notthebee.com, which is a humor-based news, opinion, and entertainment site from the creators of *The Babylon Bee* and *Disrn*. *The Babylon Bee*, Not the Bee's sister website, uses satire and humor as a means of commenting on culture, politics, and current events. In a related vein, Not the Bee publishes news headlines involving events that are so outrageous that they sound like satire, even though they involve real-world occurrences. By publishing

news articles on its site, Not the Bee engages in commentary about the events in question and draws attention to the ridiculousness or absurdity of such events.

### b. Relevant Case Background

Following a hearing at which the Court entertained the defense's motion to dismiss the superseding indictment on multiple grounds (some of which the government did not contest) – and despite the government's representation at this hearing that it would not supersede again – the government filed a second superseding indictment. ECF 100, 110. Around this time, the government, without any apparent justification, made three sets of filings under seal.

**First,** immediately after the hearing and before the second superseding indictment was filed, a filing was made under seal, with no description. ECF 101.

**Second**, a government attorney filed a motion to withdraw as counsel of record for the United States. Though the filing was entirely under seal (ECF 104), the court then granted the motion and provided the title of the motion. ECF 114.

**Third**, on November 20, 2024, the government moved for a gag order to prevent Dr. Haim and his counsel from making public statements or talking to the press, except for statements that merely recite, without any characterization, matters of public record. ECF 105. For this motion, the government filed two exhibits under seal (ECF 107 and 108) and described them as tweets from Dr. Haim and his counsel. *See* ECF 105 at 5-6. The government characterized the tweets as demonstrating that

3

the "defendant and his counsel have now crossed a line, bombarding social media with inaccurate and inflammatory descriptions of pretrial proceedings that would never be admissible before a jury." *Id.* at 5.

None of these filings at ECF 101, 104, 107 or 108 (collectively, the "Sealed Filings") were submitted in connection with a motion to seal, and none provide a public explanation of why there is good cause to seal the document.

The Sealed Filings inhibit the public and press's ability to access judicial records, in violation of their constitutional rights. The government fails to establish that there is a compelling government interest in secrecy, or that the proposed protective order is narrowly tailored to protect that interest – indeed, the government makes no sealing argument at all.

Accordingly, Not the Bee hereby (1) moves to intervene in this action for the limited purpose of moving to unseal the Sealed Filings and (2) moves to unseal the Sealed Filings.

### III.  Argument

#### A.  Not the Bee has standing to intervene to challenge the sealing of documents that should be public.

The Fifth Circuit recognizes that the press has standing to challenge the sealing of documents so that it may obtain access to information concerning judicial proceedings, even if the press is not a party to the litigation and not restrained by any order. *Davis v. East Baton Rouge Parish Sch. Bd.*, 78 F.3d 920, 926 (5th Cir.

4

1996); *see also Ford v. City of Huntsville*, 242 F.3d 235, 240 (5th Cir. 2001); *United States v. Brown*, 218 F.3d 415, 422 (5th Cir. 2000). Indeed, the general public has standing to assert a right of access to judicial records. *United States v. Holy Land Found. for Relief & Dev.*, 624 F.3d 685, 690 (5th Cir. 2010). Accordingly, Not the Bee has proper standing to move to unseal the documents.

      B.    **Not the Bee has a right under the First Amendment and common law to access the Sealed Filings.**

"The public's right of access to judicial records is a fundamental element of the rule of law." *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 417 (5th Cir. 2021) (quoting *In re Leopold to Unseal Certain Elec. Surveillance Application & Orders*, 964 F.3d 1121, 1123 (D.C. Cir. 2020)). The "right of access to criminal proceedings" is "secured by the First Amendment." *Tennessee v. Lane*, 541 U.S. 509, 523 (2004). Sealing a document constitutes a prior restraint, and it is "constitutional only if the government demonstrates that the protected speech restrained poses a 'clear and present danger, or a serious or imminent threat to a protected competing interest.'" *Davis*, 78 F.3d at 928 (quoting *CBS Inc. v. Young*, 522 F.2d 234, 238 (6th Cir. 1975)). Furthermore, "[t]he restraint must be narrowly drawn and cannot be upheld if reasonable alternatives are available having a lesser impact on First Amendment freedoms." *Davis*, 78 F.3d at 928 (quoting *CBS*, 522 F.2d at 238).

The public also "has a common law right to inspect and copy judicial records." *Bradley on behalf of AJW v. Ackal*, 954 F.3d 216, 224 (5th Cir. 2020) (quoting *SEC*

*v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993)). "It is clear that the courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). This right "promotes the trustworthiness of the judicial process, curbs judicial abuses, and provides the public with a better understanding of the judicial process, including its fairness[, and] serves as a check on the integrity of the system." *United States v. Sealed Search Warrants*, 868 F.3d 385, 395 (5th Cir. 2017) (quoting *SEC v. Van Waeyenberghe*, 990 F.2d at 849–50).

While a district court retains discretion to seal judicial records, the "court must use caution in exercising its discretion to place records under seal." *Holy Land,* 624 F.3d at 689; *see also Binh Hoa Le*, 990 F.3d at 418–19 ("[C]ourts should be ungenerous with their discretion to seal judicial records" in light of the "presumption in favor of the public's access to judicial records[.]") (internal quotation marks and citation omitted); *Fed. Sav. & Loan Ins. Corp. v. Blain*, 808 F.2d 395, 399 (5th Cir. 1987) ("The district court's discretion to seal the record of judicial proceedings is to be exercised charily . . . .").

The press has additional protection from the First Amendment, which protects the press's efforts to gather the news. *Davis*, 78 F.3d at 926; *In re Express-News Corp.*, 695 F. 2d 807, 810 (5th Cir. 1982) (The [F]irst [A]mendment right to gather news is a "good cause," and "[i]f that right is to be restricted, the government must

6

carry the burden of demonstrating the need for curtailment"). Without these protections, the "freedom of the press could be eviscerated." *In re Express-News Corp,* 695 F.2d at 808 (quoting *Branzburg v. Hayes*, 408 U.S. 665, 681 (1972)).

### C. The Court should unseal the Sealed Filings because the government has failed to justify their sealing.

The Court should unseal the Sealed Filings because there is no constitutional reason to maintain their sealing. Neither the government nor any party has demonstrated that a curtailment of First Amendment rights is justified by a "clear and present danger, or a serious or imminent threat to a protected competing interest," *Davis*, 78 F.3d at 928 (quoting *CBS*, 522 F.2d at 238), nor has the government even shown good cause to seal the Sealed Filings, *see* Fed. R. Crim. Proc. 49.1(e). To address the Sealed Filings in turn:

**ECF 101**: This document has no description or party associated with it on the docket. It was filed the Monday after the Friday hearing at which the government agreed that its superseding indictment had errors that must be corrected for the case to proceed, and only a few days before the government filed its second superseding indictment. There is no justification for this document to be sealed. Indeed, if this document is related in any way to either the hearing or the second superseding indictment – which are newsworthy and have generated public interest – its unsealing is particularly important and necessary to hold the government accountable.

**ECF 104**: The Court has already provided the title of this filing as "Government's Motion to Withdraw as Counsel of Record for the United States." ECF 114. There is no reason such a motion should be under seal. The docket already reflects that Assistant U.S. Attorney Tina Ansari was terminated as counsel for the government the same day that the Court granted this motion to withdraw, so as a practical matter, the sealing is not protecting the identity of the withdrawing attorney – nor is the withdrawal of lead counsel on a criminal case something that warrants protection from public scrutiny, in any case. The public has a right to know why Mrs. Ansari withdrew from this case. If the motion contains no further information, there is no basis at all to seal it, and it should be publicly known that the government provided none. If the document contains additional details about the reasons for the withdrawing government attorney, those should be in the public record. Either way, the sealing was nigh frivolous and frustrates the integrity of the judicial process.

**ECF 107 and 108**: The government appended these two documents as exhibits to a publicly filed motion for a gag order and provided no justification at all for sealing them. As the motion for the gag order states, the documents simply contain "public postings" to social media. ECF 105 at 5-6. Indeed, the government's argument is that those posts are *so public* that they risk "tainting the jury pool." *Id.* at 6. Because these documents are already freely accessible by the public, there is nothing gained by, nor warranting, sealing them.

The government also argues that the "inflammatory posts encourage the online bullying of prosecutors and create heightened safety risks, serving as invitations to members of the media and the public to harass prosecutors." *Id.* In other words, the government admits that it intends to impede the newsgathering function of the press by withholding the specific posts from public view. Moreover, the government characterizes the posts as "inflammatory" and containing "inaccurate and inflammatory descriptions of pretrial proceedings" without providing any details that would enable the public to determine whether the government is itself being accurate. This lack of accountability erodes confidence in the judicial process.

In the context of gag orders that protect victims, the Supreme Court has held that "once the truthful information was 'publicly revealed' or 'in the public domain,' the court could not constitutionally restrain its dissemination." *Smith v. Daily Mail Pub. Co.*, 443 U.S. 97, 103 (1979) (first quoting *Cox Broadcasting Corp. v. Cohn*, 420 U.S. 469, 495 (1975), then citing *Okla. Publ'g. Co. v. Dist. Ct.*, 430 U.S. 308 (1977)). As these documents contain "public postings," the Court would be overstepping constitutional boundaries if it allows the government to prevent parties from accessing on the docket what is freely available on social media sites.

Additionally, the government's sealing of these documents is a prior restraint that frustrates the newsgathering function and causes irreparable injuries to First

9

Amendment rights because it prevents the press and public from knowing what is occurring in this fast-moving case until the issues may be moot. Indeed, these filings all occurred in less than a week's time, sandwiched between when the Court conducted a significant hearing and when the government obtained a superseding indictment. Another hearing on some of these issues will be held in another week. The Court should unseal these documents speedily to ensure that the government does not accomplish by delay what it cannot by right.

### IV.   Conclusion

For the foregoing reasons, Not the Bee, LLC respectfully requests that the Court allow it to intervene in this case for the limited purpose of moving to unseal the Sealed Filings, grant its motion to unseal, and order that docket entries 101, 104, 107, and 108 be unsealed immediately.

Date: November 25, 2024     Respectfully submitted,

By:   */s/John-Paul S. Deol*
John-Paul S. Deol
SDTX No.: 3879052
Harmeet K. Dhillon*
Krista L. Baughman*
Jesse-Franklin Murdock*
Dhillon Law Group Inc.
177 Post Street Suite 700
San Francisco, California 94108
Tel.: (415) 433-1700

Attorneys for Not the Bee, LLC

**pro hac vice* forthcoming

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that a true and correct copy of the above and foregoing document has been filed and served on November 25, 2024 using the CM/ECF system, which will send notification of such filing to all counsel of record.

*/s/John-Paul S. Deol*
John-Paul S. Deol