IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | § § § |
| v. | § Criminal Action No: 4:24-cr-00298 |
| EITHAN DAVID HAIM | § § § |

### GOVERNMENT'S RESPONSE TO MOTION TO UNSEAL

TO THE HONORABLE DAVID HITTNER:

The Government respectfully submits this response to intervenor Not the Bee, LLC's (the "Intervenor") motion to unseal docket numbers 101, 104, 107, and 108 (Dkt. 117). For the reasons set forth below, the Government does not oppose the unsealing of docket numbers 101 and 104. The Government opposes the unsealing of docket numbers 107 and 108.

I.  BACKGROUND

The Government provided copies of all four sealed docket entries at issue to the Court and the defendant.[1]

Docket number 101 is a notice to the Court regarding the Government's intent

---

[1] The Government provided a partially redacted version of docket number 101 to the defendant.

1

to seek a second superseding indictment. It was filed under seal because it addressed a matter pending before the grand jury. Because the Second Superseding Indictment is now unsealed, and the filing does not reveal the content of any nonpublic grand jury proceedings, the Government does oppose its unsealing.

Docket Number 104 is a motion by Assistant United States Attorney Tina Ansari to withdraw from the case as counsel of record. The Government does not oppose its unsealing.

Docket numbers 107 and 108 are exhibits to the Government's motion for a gag order. Docket 107 attaches public statements of the defendant on X (formerly known as Twitter). Docket 108 attaches formerly public statements of attorney Marcella Burke on X (formerly known as Twitter). As of November 26, 2024, Ms. Burke's X account appears to have been de-activated, and the posts are no longer public.

## II.  LEGAL STANDARD

Courts recognize a First Amendment right of access to various aspects of a criminal prosecution. *See In re Hearst Newspapers, LLC*, 641 F.3d 168, 175-76 (5th Cir. 2011). This right, however, is not absolute, and it may be overcome by a showing "that some curtailment of that right is required 'to protect [a] defendant's superior right to a fair trial or that some other overriding consideration requires closure.'" *United States v. Chagra*, 701 F.2d 354, 361 (5th Cir. 1983) (quoting *Richmond Newspapers v. Virginia*, 448 U.S. 555, 564 (1980)). Similarly, courts have long recognized a common law right for the public to inspect and copy judicial records, qualified by the court's discretion to balance the presumption of access against factors favoring secrecy. *SEC v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993). The presumption of openness in criminal proceedings "may be overcome only by an overriding interest based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Press-Enter. Co. v. Superior Court of Cal., Riverside Cty.*, 464 U.S. 501, 510 (1984). *See also United States v. Ashani*, 76 F.4th 441, 447-48 (5th Cir. 2023).

"At common law, courts must make detailed, clear, and specific findings when sealing a record to which there is a presumptive right of access." *Ashani*, 76 F.4th at 452.  A district court must "generally articulate its reasons to support

sealing the [documents] with a level of detail that will allow for" appellate review. *Id.* "The degree of specificity required is case-specific. . . . [T]he court must carefully balance the right of access against countervailing interests." *Id.* (internal citations and quotation marks omitted).

III.   ARGUMENT[2]

For the same reasons that the Government seeks a gag order preventing the defendant and his attorneys from making the kind of inflammatory and prejudicial statements illustrated by the sealed exhibits to that motion, the Government opposes the unsealing of the exhibits containing those statements.

As the Supreme Court has recognized, protecting the right to a fair criminal trial by an impartial jury whose considerations are based solely on record evidence is a compelling state interest. *See Gentile v. State Bar of Nev.*, 501 U.S. 1030, 1075 (1991). To protect this interest, the trial judge has an affirmative duty to minimize the effects of prejudicial pretrial publicity. *Gannett Co., Inc. v. DePasquale*, 443 U.S. 368, 378 (1979).

Here, the Government's interests in avoiding taint to the jury pool and the fair

---

[2] The Government does not oppose the Intervenor's motion to intervene for the limited purpose of challenging the sealing of the records. The Intervenor is a self-described "humor-based news, opinion, and entertainment site" from the creators of "The Babylon Bee," a satire website. *See* https://notthebee.com/article/welcome-to-not-the-bee.

4

administration of justice outweighs the public and press's right of access to the narrowly tailored sealings in this case. In this case, the public and the press have access to the filings necessary to understand and report on what is happening in the criminal proceedings. The motion for a gag order is public and describes at a high level the content of the exhibits, including the date of the defendant's postings. In addition, the public and press can attend the hearing on December 3, 2024, to hear the parties' arguments on the motion. At that time, the Intervenor will be able to assess for itself "whether the government is being accurate." (Intervenors' Mot. at 9).[3] The right of access is thus minimally curtailed by maintaining exhibits 107 and 108 under seal.

Furthermore, the posts contained in Exhibit 108 are no longer publicly available because Ms. Burke appears to have de-activated her Twitter account.

---

[3] The Intervenor's interest in accuracy does not appear to extend to its own reporting. For example, last night, Intervenor posted on X (@Not the Bee) and its website the following headline: "Courts gagged the doc who exposed Texas Children's Hospital. We filed a motion to find out why." *See* https://notthebee.com/article/courts-gagged-the-doc-who-exposed-texas-childrens-hospital-we-want-to-know-why. The headline is, at best, misleading. The article wrote, among other things, that "Chris Rufo of City Journal and the Manhattan Institute exposed multiple doctors at Texas Children's Hospital who were giving cross-sex hormones to children, in direct contradiction to Texas Law." Again, this is incorrect in multiple respects. For example, the Texas law (S.B. 14) outlawing transgender care for minors was not passed until after Rufo published the information obtained from the defendant.

Intervenors' arguments on that basis (Mot. at 9) are therefore inapplicable to that exhibit.

Unsealing Exhibits 107 and 108 on the public docket would merely amplify and perpetuate the prejudicial speech contained therein, much of which is argument, opinion, and epithets, rather than facts or evidence. And unsealing Exhibit 108, in particular, would allow defense counsel's statements, which were made in violation of the rules of professional conduct, to remain memorialized in the public record, perpetuating the very thing that the rules forbid.

Finally, in the event that the Court denies the Government's motion for a gag order after full argument on the issue on December 3, 2024, the Court can then revisit the sealing of the exhibits. A delay of less than a week will not unduly impede the press's ability to timely report on the matter.

I.  CONCLUSION

For the reasons set forth above, the Court should grant in part and deny in part the intervenor's motion to unseal.

Date: November 26, 2024

Respectfully submitted,

ALAMDAR HAMDANI
United States Attorney
Southern District of Texas

By: *s/ Jessica Feinstein*
Jessica Feinstein
Tyler S. White
Assistant United States Attorneys
1000 Louisiana Street, 25th Floor
Houston, Texas 77002
Tel.: (713) 567-9000

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this November 26, 2024, I electronically filed the foregoing document with the Clerk of Court using CM/ECF, which will send a notice of electronic filing to all counsel of record.

*s/ Jessica Feinstein*
Jessica Feinstein
Assistant United States Attorney
