# United States Court of Appeals
# for the Fifth Circuit

United States Courts
Southern District of Texas
FILED

*October 27, 2025*

Nathan Ochsner, Clerk of Court

No. 25-20336

United States Court of Appeals
Fifth Circuit

**FILED**

October 24, 2025

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee,*

*versus*

EITHAN DAVID HAIM,

*Defendant—Appellant.*

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:24-CR-298-1

## PUBLISHED ORDER

Before ELROD, *Chief Judge*, and JONES, and HIGGINSON, *Circuit Judges*.

PER CURIAM:

IT IS ORDERED that Appellant's unopposed motion for summary reversal is GRANTED. The district court's unexplained denial of the joint unopposed motion for entry of a modified protective order is REVERSED.

The dissent raises the concern that a reversal of the District Court's order may result in discovery materials protected under Rule 6(e) being given to Dr. Haim's civil counsel. The parties were asked to file a letter detailing

No. 25-20336

what, if any, grand jury material is implicated. The parties responded that none of the discovery materials at issue "reveal any grand jury deliberations or votes." Our review of the sealed documents supports the parties' joint statement. The dissent's concern about the grand jury material being transmitted to Dr. Haim's civil counsel is merely speculative.

The district court decisions pertaining to the sealed materials get deference. Here, however, the district court issued an unexplained summary denial of the parties' "joint unopposed motion for entry of an agreed order modifying the protective order." Accordingly, deference is unwarranted in this instance where there is no explanation or reasoning provided.

No. 25-20336

STEPHEN A. HIGGINSON, *Circuit Judge*, dissenting:

I dissent from the majority's case-dispositive summary reversal of a veteran district judge's decision to maintain its protective order over criminal discovery materials. Protective orders are sensitive and fact-specific, resting on trial judges' intimate knowledge of discovery circumstances. This function is significant in criminal cases, where protective orders often implicate grand jury materials protected under Rule 6(e) of the Federal Rules of Criminal Procedure.

This case comes to us after vigorous efforts in the district court to secure grand jury discovery, and discovery of other protected materials, which were of particular sensitivity given the medical record-related evidence at issue. The district court carefully adjudicated these sensitive discovery matters and was properly positioned to make any turnover determination consistent with the law, above all to protect any grand jury materials.

I

"Federal courts long have recognized that secrecy is essential to maintaining the integrity of the grand jury system." *In re Grand Jury Testimony*, 832 F.2d 60, 62 (5th Cir. 1987) (collecting cases). The value of secrecy is not "absolute," however, and Rule 6(e) enumerates a list of exceptions. *Id.* Parties seeking disclosure under an exception have the burden of "demonstrating that the need for disclosure outweighs the public interests in secrecy." *Id.* This burden is only met when the proponent demonstrates such need with "particularity." *United States v. Proctor & Gamble Co.*, 356 U.S. 677, 682-83 (1958).

The parties made no effort to address grand jury secrecy in their joint motion to modify the protective order and, correspondingly, Appellant has twice failed before us. In the motion for summary reversal, Appellant only

No. 25-20336

expressed a generalized need for criminal discovery to be shared between his criminal and civil counsel in order to explore the possibility of bringing a future civil claim of wrongful prosecution. The Government does not oppose relief, but also does not join the present motion, nor does it argue for any Rule 6(e) exception. Given the absence of any reasoning or discussion of grand jury secrecy implications, our court granted both Appellant and the Government further opportunity to explain the discovery that would be turned over and, if grand jury materials exist,[1] how their request fits into an enumerated Rule 6(e) exception. The parties submitted a joint response, which merely reiterated two paragraphs from their *initial* proposed order amending the protective order. Regarding potential grand jury issues, the parties only stated that the discovery would "not reveal any grand jury deliberations or votes," and that the necessary showing has already been made regardless. More concerning still, the parties provide a record citation (Dkt. No. 149) that does not support such a proposition. There has been *no* finding by the district court authorizing disclosure, nor any Rule 6(e) showing from the parties one way or another.

Appellant's only proffered justification for turning over all criminal discovery fails under Supreme Court and Fifth Circuit precedent. Appellant argues that the discovery material is necessary for his new civil counsel to explore wrongful prosecution claims.[2] Yet, the Supreme Court and our court

---

[1] Appellant acknowledges that over 15,000 documents, exceeding 100,000 pages, were turned over during the criminal case. I note that the district court presided over and ultimately denied further effort by Appellant to obtain *all* grand jury testimony. Nevertheless, the parties' joint letter appears to acknowledge the grand jury material may exist, yet asserts that the requirements of Rule 6(e) were met. As noted above, I see no such finding.

[2] In contrast, the Government elsewhere sedulously insists on strict adherence to grand jury secrecy, even arguing that courts cannot authorize release of such materials absent a clear exception in Rule 6(e). *See* United States' Resp. to Am. Oversight's and

No. 25-20336

have addressed the failings of this justification to meet the required Rule 6(e) bar. In *United States v. Sells Engineering, Inc.*, the Supreme Court considered a request to share grand jury discovery materials from the Department of Justice's Criminal Division with attorneys in the Civil Division. 463 U.S. 418, 431 (1983). Recognizing that "it would be of substantial help" to share such materials, the Court nonetheless held that a "civil lawyer's need is ordinarily nothing more than a matter of saving time and expense," and that "[t]he same argument could be made for access on behalf of any lawyer in another government agency, or indeed, in private practice." *Id.* Further, the Court emphasized that it has "consistently rejected the argument that such savings can justify a breach of grand jury secrecy." *Id.* Our circuit has similarly recognized this argument as insufficient to meet the rightfully demanding requirements of Rule 6(e). In *In re J. Ray McDermott & Co.*, we reversed a district court's order permitting disclosure because the justification for the request involved "a judicial proceeding [that was] only a possibility," much as it appears to be before us in the present case. 622 F.2d 166 (5th Cir. 1980); *see also United States v. Carvajal*, 989 F.2d 170, 170 (5th Cir. 1993) (holding that a party may not request grand jury discovery to "now conduct a fishing expedition to see if he can find something in the grand jury minutes that might support further relief").

## II

I fear our court's intercession—granting a summary reversal without remanding for district court fact inquiry—risks grave violation of Rule 6(e). Our decision provides no analysis, factual or legal, in a case where access to grand jury and protected materials was hotly and repeatedly contested throughout. Furthermore, our appellate summary reversal and turnover

---

Knight First Amend. Inst. at Columbia U.'s Motion to Intervene at 15-18, *United States v. Waltine Nauta and Carolos de Oliveira*, No. 23-CR-80101 (S.D. Fla. Mar. 24, 2025).

No. 25-20336

order is done in a motion posture, when Appellant's full briefing on appeal and promise to fully develop this issue is due in several days.

We should tread carefully whenever we reverse a district court with virtually no analysis from the parties, much less analysis of our own. And we should tread even more carefully when our intervention pertains to a criminal discovery protective order, when no court yet has confirmed that the modified order would still protect grand jury material and the record on appeal indicates beyond almost any doubt the opposite.[3]

To be clear, our court has options available to responsibly address Appellant's criminal discovery turnover effort. We could require the parties to proceed to full briefing on appeal, as opposed to resolving the issue in this intervening motion posture. That approach would, at least, engage with controlling statutory and Supreme Court law as to grand jury secrecy. Alternatively, and preferably, we could remand to allow the district court to do what Rule 6(e) requires—assess factually whether grand jury materials are implicated and, if they are, whether Appellant has established a particularized need or whether any other exception under the rule applies.

Because the majority takes neither of these necessary, restrained and protective approaches, and offers no analysis of the record nor of controlling precedent, I respectfully dissent.

---

[3] *See supra* note 1. Indeed, the district court's constant and vigilant attention to protecting grand jury material paralleled its work responding to Appellant's ex parte, sealed Rule 17 discovery efforts. The record contains a sealed hearing relating to voluminous material sought by Appellant directly from the hospital that, ultimately, was resolved through the protective order and, therefore, notably allowed discovery of HIPAA-protected material without seeking patient consent. In this regard, it is vital that even though the modified protective order prevents disclosure of patient information, that guarantee extends no further despite the modified order relating to *all* criminal discovery produced.

# *United States Court of Appeals*
### FIFTH CIRCUIT
### OFFICE OF THE CLERK

**LYLE W. CAYCE**
**CLERK**

**TEL. 504-310-7700**
**600 S. MAESTRI PLACE,**
**Suite 115**
**NEW ORLEANS, LA 70130**

October 24, 2025

Mr. Nathan Ochsner
Southern District of Texas, Houston
United States District Court
515 Rusk Street
Room 5300
Houston, TX 77002

     No. 25-20336   USA v. Haim
                   USDC No. 4:24-CR-298-1

Dear Mr. Ochsner,

Enclosed is a copy of the judgment issued as the mandate.

                Sincerely,

                LYLE W. CAYCE, Clerk

                *Dantrell Johnson*

                By: _____
                Dantrell L. Johnson, Deputy Clerk
                504-310-7689

cc w/encl:
    Ms. Marcella Colbert Burke
    Mr. Daniel Hu
    Mr. Gene C. Schaerr
    Mr. Edward H. Trent